565 So.2d 389 (1990)
Clarence Robert ISLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2534.
District Court of Appeal of Florida, Fifth District.
August 9, 1990.
James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Clarence Robert Isley, Bristol, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Chief Judge.
Defendant, Clarence Isley, having been indicted for first degree murder, entered a negotiated nolo contendere plea to second degree murder. The trial court accepted the plea and sentenced the defendant to 30 years incarceration with a 3-year minimum mandatory term. Following notice of appeal, the appellate public defender filed an Anders brief. The defendant, concurrently, filed a pro se brief asserting that his plea was involuntarily and unintelligently tendered and that he was coerced by his trial counsel to change his plea from not guilty to avoid receiving a death sentence. Defendant further claims that he (the defendant) was incompetent at the time the plea was entered. We affirm the judgment and sentence of the court without prejudice to raise such matters before the trial court pursuant to rule 3.850, Florida Rules of Criminal Procedure.
No motion to withdraw the plea was filed by the defendant in the trial court thereby waiving any appeal relating to the voluntariness of the plea. See Byrd v. State, 419 So.2d 725 (Fla. 5th DCA 1982). In Byrd this court dismissed an Anders appeal where the appellant challenged the validity of his guilty plea without first filing in the trial court a motion to withdraw such plea. Without an express reservation of the right to appeal a particular issue, an appeal is permitted only where the defendant raises an issue concerning the trial court's lack of subject matter jurisdiction over the charge, the illegality of the sentence received, the failure of the government to abide by the plea agreement, or the voluntary and intelligent character of the plea. See Robinson v. State, 373 So.2d 898 (Fla. 1979). In Robinson, however, the supreme court stated:
... [W]e find that an appeal from a guilty plea should never be a substitute for a motion to withdraw a plea. If the record raises issues concerning the voluntary or intelligent character of the *390 plea, that issue should first be presented to the trial court in accordance with the law and standards pertaining to a motion to withdraw a plea.
373 So.2d at 902. Forasmuch as the record here shows no such motion to withdraw was filed in the trial court relief now, if any, is by way of an appropriate 3.850 motion for post-conviction relief.
Defendant also seeks, by way of motion in this court, the appointment of counsel. That motion is denied. Should the defendant file a facially sufficient 3.850 motion the appointment of counsel for the defendant would be within the sound discretion of the trial court hearing such motion. See Gordon v. State, 529 So.2d 1129 (Fla. 5th DCA 1988).
Accordingly, the judgment and sentence is affirmed.
AFFIRMED.
COBB and COWART, JJ., concur.