582 So.2d 1200 (1991)
Edward KEITH, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1192.
District Court of Appeal of Florida, First District.
June 19, 1991.
*1201 Nancy A. Daniels, Public Defender, Gail E. Anderson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Chief Judge.
Keith appeals his judgment and sentence. The trial court rejected a plea agreement at sentencing; and Keith argues he should be allowed to withdraw his plea of nolo contendere on the ground he was not told the trial court was not bound by the plea agreement. However, because Keith did not move to withdraw his plea in the trial court, we have no jurisdiction to review the merits of Keith's argument. Robinson v. State, 373 So.2d 898 (Fla. 1979); Parker v. State, 576 So.2d 943 (Fla. 1st DCA 1991); Harris v. State, 563 So.2d 792 (Fla. 1st DCA 1990). Appeal dismissed.
JOANOS, J., concurs.
ZEHMER, J., specially concurs, with opinion.
ZEHMER, Judge (specially concurring).
While I concur with the decision to dismiss this appeal, I feel obligated to explain my reasons for doing so in somewhat greater detail than shown in the majority opinion.
Keith was charged with two counts of sexual battery. Pursuant to negotiations, the state agreed to drop one charge in exchange for Keith's plea of nolo contendere to the other. The guidelines sentence on this plea arrangement was nine to twelve years, but the state agreed, along with defense counsel, to recommend a downward departure to three years with ten years' probation in view of the counseling and therapy program in which he was participating. Keith was arraigned and sentenced at a single hearing held March 21, 1990. Based on the agreement with the state, he entered a nolo plea, and both the defense and the state presented information supporting the recommendation for the agreed downward departure. This recommendation was also supported by the county sheriff. Pursuant to rules 3.170(j) and 3.172, Florida Rules of Criminal Procedure, the trial judge inquired of Keith about the voluntariness of his plea, the rights he was waiving by his plea, and that as a result of the plea Keith understood he was "facing time in state prison"; but the trial judge made no inquiry about Keith's understanding of the maximum possible sentence or that the court was not bound by the plea agreement with the state and specifically the state's recommended sentence. The court accepted the plea, rejected the state's recommendation for downward departure, and sentenced Keith to twelve years' imprisonment, commenting:
Well, each time an offense like this comes up, this whole community is scarred by it. It's an affront to everyone in Wakulla County when a adult takes advantage of a 14 year old, with or without consent, or under any circumstances. I find absolutely no excuse for it.
Judgment and sentence were entered on the date of the hearing.
On April 6, 1990, Keith's attorney filed a motion to reconsider sentence pursuant to rule 3.800(b), Florida Rules of Criminal Procedure, which simply asked the court to reconsider the sentence in view of the state's recommendation of a lesser sentence and the supporting matter submitted at the time of sentencing. So far as the *1202 record on appeal indicates, this motion was never ruled upon. Keith filed a notice of appeal from the final judgment and sentence on April 17, 1990.[1]
Keith contends on this appeal that the trial court erred in accepting his plea and sentencing him to twelve years' imprisonment without informing him of the maximum possible sentence he could receive, contrary to rule 3.172(c), and failed to inform him that the court was not bound by the state's recommendation of three years' imprisonment. He contends that he should be allowed to withdraw his plea under these circumstances, and asks this court to reverse the judgment and sentence to permit the trial court to either resentence him in accordance with the state's recommendation or permit him to withdraw his plea. He recognizes that failure to first present this issue to the court below by appropriate motion to withdraw his plea may constitute an impediment to appellate review, however, and if we so decide, he requests the court to dismiss this appeal without prejudice to his filing a motion to withdraw plea or a motion under rule 3.850 to vacate his sentence, citing Murray v. State, 566 So.2d 30 (Fla. 1st DCA 1990); Gill v. State, 550 So.2d 72 (Fla. 2d DCA 1990); and Isley v. State, 565 So.2d 389 (Fla. 5th DCA 1990).
I concur in the dismissal of this appeal as frivolous under the holding in Robinson v. State, 373 So.2d 898 (Fla. 1979). In that case the supreme court recognized that errors occurring in connection with the hearing on nolo contendere pleas and in connection with the sentencing once a defendant has been adjudicated guilty are subject to appellate review, since only those matters occurring prior thereto are cut off by the plea unless specifically reserved by the defendant. Rule 9.140 allows an appeal by the defendant from orders entered after final judgment or finding of guilt. In this case, there is no order entered on any motion by appellant that brought to the trial court's attention the matters now argued on appeal, and thus appellant has not properly preserved these matters for review by direct appeal to this court, a procedural deficiency which renders this appeal frivolous under Robinson.
I do not read the Robinson decision as approving the dismissal of the appeal because the district court of appeal lacked jurisdiction to entertain the appeal in the sense that it lacked power to act and correct the errors raised; rather, the opinion is based on the appellant's failure to properly raise and preserve the issue for appellate review by first presenting the asserted error to the trial court for determination. Without such objection and motion being made in the trial court and obtaining a ruling thereon, the appeal presented no appropriate order for appellate review and was thus frivolous. To the extent that the majority opinion in this case and the cases cited therein suggest a complete lack of jurisdiction compels the dismissal of the appeal, I respectfully suggest that they are inaccurate.
For reasons more fully explained recently in Caristi v. State, 578 So.2d 769 (Fla. 1st DCA, 1991), I agree that appellant has not properly preserved the matters argued on this appeal for appellate review on direct appeal from the judgment of conviction and sentence. I would, therefore, dismiss this appeal without prejudice to these matters being raised and considered by the trial court in accordance with the rules of criminal procedure. See, e.g., Murray v. State, 566 So.2d 30 (Fla. 1st DCA 1990).
NOTES
[1] We do not reach whether that motion was necessarily waived or withdrawn by the filing of the notice of appeal.