652 So.2d 503 (1995)
Terence DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3386.
District Court of Appeal of Florida, Fourth District.
March 29, 1995.
Richard L. Jorandby, Public Defender, and Eric M. Cumfer, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
We dismiss this appeal without prejudice to Appellant's moving to withdraw his plea or otherwise seeking relief pursuant to rule 3.850, Florida Rules of Criminal Procedure.
Without first seeking to withdraw his plea, Appellant argues that reversal and remand is required because the written record reflects that during the change in plea colloquy Appellant answered "yes" in response to a question by the court as to whether he was under the influence of alcohol or drugs. There was no follow-up inquiry by the court. There is no other indication in the record that Appellant was under the influence at that time. Patently, a motion to withdraw the plea and a trial court record on that motion is required before this court can review the issue of voluntariness. E.g., Robinson v. State, 373 So.2d 898 (Fla. 1979); Schott v. State, 641 So.2d 465 (Fla. 4th DCA 1994); Washington v. State, 582 So.2d 798 (Fla. 1st DCA 1991); Isley v. State, 565 So.2d 389 (Fla. 5th DCA 1990); McGinty v. State, 463 So.2d 495 (Fla. *504 2d DCA 1985); Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
HERSEY and KLEIN, JJ., concur.