688 So.2d 1006 (1997)
Jeffrey Adam STONE, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3016.
District Court of Appeal of Florida, First District.
March 4, 1997.
*1007 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.

ON MOTION TO DISMISS APPEAL
WEBSTER, Judge.
The state has filed a motion to dismiss this direct criminal appeal for lack of jurisdiction over the subject matter. It bases its motion upon chapter 924, Florida Statutes (Supp. 1996). For the reasons which follow, we deny the motion.
The assistant public defender assigned to represent appellant filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which he represented that he was unable to make a good-faith argument that reversible error had occurred in the trial court. In that brief, counsel stated that appellant had entered no-contest pleas pursuant to a plea agreement calling for a guidelines sentence, which appellant received on July 5, 1996. Counsel further directed the court's attention to Robinson v. State, 373 So.2d 898 (Fla.1979). Robinson stands for the proposition that one who pleads guilty or no contest, without reserving the right to appeal a legally dispositive issue, has the right to raise on appeal only (1) lack of subject matter jurisdiction, (2) an illegal sentence, (3) the failure of the state to abide by the terms of a plea agreement and (4) that the plea was involuntary. If the appeal does not present one of those four issues, it should be dismissed.
Some two months later, the state filed a motion to dismiss. The motion is long and, at times, somewhat difficult to understand. However, it appears to be the state's position that the recent amendments to chapter 924, Florida Statutes (see ch. 96-248, at 953-57, Laws of Fla.), deprive this court of jurisdiction to hear this appeal because appellant failed to preserve any "legally dispositive issue" for review, as contemplated by section 924.051(4), Florida Statutes (Supp.1996).
Three days before the state filed its motion, the supreme court had addressed the effect of section 924.051(4), as amended, on Robinson. It said:
Insofar as it says that a defendant who pleads nolo contendere or guilty without expressly reserving the right to appeal a legally dispositive issue cannot appeal the judgment, we believe that the principle of Robinson controls. A defendant must have the right to appeal that limited class of issues described in Robinson.

Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 773 (Fla.1996). In that same opinion, the court held that there exists in Florida a constitutional right to appeal, upon which the legislature may "place reasonable conditions ... so long as they do not thwart the litigants' legitimate appellate rights." Id.
"Jurisdiction over the subject matter refers to a court's power to hear and determine a controversy.... Generally, it is tested by the good faith allegations, initially pled, and is not dependent upon the ultimate disposition of the lawsuit." Calhoun v. New Hampshire Ins. Co., 354 So.2d 882, 883 (Fla. 1978) (citations omitted). "Jurisdiction of the subject matter does not mean jurisdiction of the particular case but of the class of cases to which the particular controversy belongs." Lusker v. Guardianship of Lusker, 434 So.2d 951, 953 (Fla. 2d DCA 1983). The rule that error must, except when it is "fundamental," be presented to, and ruled on by, the lower *1008 tribunal before it will be treated as preserved for purposes of appellate review is precisely thata rule, created by the courts to promote fairness and judicial economy. See, e.g., Castor v. State, 365 So.2d 701 (Fla.1978) (rule that claimed error must be presented to and ruled upon by lower tribunal to be preserved for appeal based on considerations of basic fairness and judicial economy). We do not perceive chapter 924, as recently amended, as intended to limit appellate subject matter jurisdiction in direct criminal appeals. Rather, it seems to us that the recent amendments were intended merely to make clear that, except with regard to "fundamental" error, all claimed error must first be presented to and ruled upon by the trial court. If it is not, the issue will not be deemed preserved for appellate review. To accept the state's argument to the contrary would result in the conclusion that the recent amendments to chapter 924 were intended to interfere with what the supreme court has concluded is a defendant's constitutional right to appeal.
Accordingly, in appeals such as this, we intend to perform what we understand to be our duty in the following manner. Upon the completion of briefing, we will examine the briefs and the record to determine whether a Robinson issue exists. If we reach a negative conclusion, we will dismiss the appeal with a citation to Robinson. If we conclude that such an issue does exist, we will then determine whether the issue has been preserved. If it has, we will address the merits. If it has not, we will affirm without reaching the merits.
The state's motion to dismiss this appeal is denied.
ALLEN and MICKLE, JJ., concur.