708 So.2d 289 (1998)
Jason Edwaurd THOMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0164.
District Court of Appeal of Florida, Fourth District.
January 14, 1998.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, Judge.
Appellant pled guilty to DUI manslaughter and was sentenced to twelve years incarceration to be followed by three years probation. He challenges his sentence on the grounds that the trial court failed to reduce to writing its decision to impose adult sanctions, and that he was sentenced by a judge other than the one who accepted his guilty plea. However, we find that neither error was preserved for appeal as required by recent amendments to the Florida Statutes and the Rules of Appellate Procedure; appellant brought neither alleged error to the attention of the trial court via a timely objection or a motion to correct sentencing errors. See Fla. R.App. P. 9.140(b)(2)(B)(iv), (d). We write to discuss the proper disposition of cases such as this. Specifically, we address whether the failure to preserve a non-fundamental sentencing error for appeal following a guilty plea is a jurisdictional impediment to an appeal that should result in a dismissal of the appeal, or a non-jurisdictional bar to review that should result in an affirmance. For the reasons that follow, we conclude that such cases are properly disposed of by an affirmance.

Guilty pleas and the Criminal Appeal Reform Act of 1996
Prior to the recent amendments to the Florida Statutes and the Rules of Appellate and Criminal Procedure, sentencing errors were exceptions to the "contemporaneous objection rule," and could be appealed despite the defendant's failure to raise them at trial. See State v. Rhoden, 448 So.2d 1013, 1016 (Fla.1984). However, effective July 1, 1996, a defendant may appeal a non-fundamental sentencing error only if he first raised the alleged error in the trial court:
An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
§ 924.051(3), Fla. Stat. (Supp.1996)(emphasis added). A sentencing error is preserved by objecting at the time of sentencing or by filing a 3.800(b) motion within thirty days after the rendition of the sentence. See Fla. R.App. P. 9.140(d); Fla. R.Crim. P. 3.800(b).
*290 The statutory amendments specifically address the appealability of a sentence which follows a plea of guilty or nolo contendere:
If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.
§ 924.051(4), Fla. Stat. (Supp.1996).
Although the plain language of this section would require the defendant to reserve the right to appeal a post-plea sentence, the supreme court has interpreted this provision as permitting appellate review of a sentencing error without a reservation of the right to appeal so long as the issue is properly preserved for appeal. See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 775 (Fla.1996). Accordingly, the Rules of Appellate Procedure have been amended as follows:
A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(A) A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.
(B) A defendant who pleads guilty or nolo contendere may otherwise directly appeal only

(i) the lower tribunal's lack of subject matter jurisdiction;
(ii) a violation of the plea agreement, if preserved by a motion to withdraw plea;
(iii) an involuntary plea, if preserved by a motion to withdraw plea;

(iv) a sentencing error, if preserved; or
(v) as otherwise provided by law.
Fla. R.App. P. 9.140(b)(2)(emphasis added).

Appellate jurisdiction
Neither the Statutes, the Rules, nor the supreme court analysis definitively answer whether the preservation of a sentencing error is a jurisdictional hurdle to appellate review. However, in Stone v. State, 688 So.2d 1006 (Fla. 1st DCA), rev. denied, 697 So.2d 512 (Fla.1997), the First District squarely addressed the issue and concluded:
We do not perceive chapter 924, as recently amended, as intended to limit appellate subject matter jurisdiction in direct criminal appeals. Rather it seems to us that the recent amendments were intended merely to make clear that, except with regard to "fundamental" error, all claimed error must first be presented to and ruled upon by the trial court. If it is not, the issue will not be deemed preserved for appellate review.
Id. at 1008.
In reaching this conclusion, Stone first points out that "[j]urisdiction over the subject matter refers to a court's power to hear and determine a controversy. Generally, it is tested by the good faith allegations, initially pled, and is not dependant upon the ultimate disposition of the lawsuit." Id. at 1007 (quoting Calhoun v. New Hampshire Ins. Co., 354 So.2d 882, 883 (Fla.1978)). "Jurisdiction of the subject matter does not mean jurisdiction of the particular case but of the class of cases to which a particular controversy belongs." Id. (quoting Lusker v. Guardianship of Lusker, 434 So.2d 951, 953 (Fla. 2d DCA 1983)). Stone then determines that, in contrast to these definitions of jurisdiction, the rule that all non-fundamental errors must be raised in the trial court is merely "a rule, created by the courts to promote fairness and judicial economy." Id. (citing Castor v. State, 365 So.2d 701, 703 (Fla.1978)).
While we ultimately reach the same conclusion as Stone, we do so with some hesitation. It is true that our supreme court, in Castor, explained that the contemporaneous objection rule is meant to further policies of fairness and judicial economy. Accord Yee v. City of Escondido, 503 U.S. 519, 533, 112 S.Ct. 1522, 1531, 118 L.Ed.2d 153 (1992)(explaining that the contemporaneous objection rule in the federal realm is not a jurisdictional prerequisite to an appeal, but a "prudential" requirement). However, Castor was written before the legislature codified the contemporaneous objection rule in Chapter 924and expanded it in the process to *291 include sentencing errors. The legislative intent behind Chapter 924 may not be coextensive with the policies underlying the traditional contemporaneous objection rule articulated in Castor.
The legislative history of Chapter 924 provides mixed signals with respect to the issue in this case. The "substantive analysis" by the House Committee on Criminal Justice initially provides a tentative indication that the statutory amendments were designed to implicate jurisdiction, as the analysis begins with a brief discussion of appellate subject matter jurisdiction:
Appellate jurisdiction is the power of a court to review and correct material errors of proceedings in a lower court. The appellate jurisdiction of courts in Florida is defined by the Constitution and the Florida Rules of Appellate Procedure.
H.R. Comm. on Criminal Justice, CS/HB 211 (1996) Final Bill Analysis & Economic Impact Statement 2 (hereinafter "Final Staff Analysis" or "Analysis"). However, this is the extent of the Committee's discussion on jurisdiction; the Analysis does not return to the topic of subject matter jurisdiction to confirm whether Chapter 924 was meant to impose jurisdictional requirements.
The Analysis goes on to describe the purposes behind the traditional contemporaneous objection rule and suggests that the statutory amendments are intended to merely codify the traditional rule:
Florida courts have traditionally held that questions not timely raised and ruled upon in the trial court will not be considered on appeal. This policy, often cited as the "contemporaneous objection rule," is intended to give trial judges an opportunity to address objections made by counsel in trial proceedings and to correct errors accordingly. The primary purpose of the rule is to ensure that objections are made when the recollections of witnesses are freshest and not years later in a subsequent trial or a post-conviction relief proceeding. "Delay and unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually."
. . . . .

In an effort to enforce the contemporaneous objection rule, the bill expressly prohibits a court from reversing a judgment or sentence on appeal, unless the court determines that a prejudicial error occurred that was properly preserved in the trial court, but allows courts to reverse on the basis of "fundamental errors," despite the failure of defense counsel to object in the trial court.
Final Staff Analysis at 3, 5 (emphasis added)(internal citations omitted).
Militating toward treating sentence-preservation as jurisdictional is the Committee's position that "[t]he appellate jurisdiction of courts in Florida is defined by the Constitution and the Florida Rules of Appellate Procedure." See Final Staff Analysis at 2 (emphasis added). Thus, it appears to be the Committee's understanding that the amended Rule 9.140(b)(2)(B)(iv)which allows appellate review of a sentence only "if preserved"would impose a jurisdictional hurdle to the appeal.
Further militating toward treating sentence-preservation as jurisdictional is the body of Florida case law treating similar preservation requirements as jurisdictional. For example, just as a motion to correct sentencing errors is now necessary to preserve that issue for appeal, a prerequisite to appealing an allegedly involuntary plea is the filing of a motion to withdraw the plea in the trial court. See Fla. R.App. P. 9.140(b)(2)(B)(iii); Robinson v. State, 373 So.2d 898, 902 (Fla.1979). This court has held that the filing of a motion to withdraw a plea is a jurisdictional prerequisite to appealing the plea's involuntariness. See Walker v. State, 565 So.2d 873, 873-74 (Fla. 4th DCA 1990)("For this court to have appellate jurisdiction, appellant had to move to withdraw [his] plea so the trial court had the opportunity to rule on his allegation that the... plea was involuntary.")(emphasis added); Davis v. State, 652 So.2d 503 (Fla. 4th DCA 1995)(dismissing appeal for failure to file a motion to withdraw the plea in the trial court); accord Keith v. State, 582 So.2d 1200 *292 (Fla. 1st DCA 1991);[1]Duhart v. State, 548 So.2d 302 (Fla. 5th DCA 1989). Where appellate review of the withdrawal of a plea requires that the issue be presented first to the trial court as a matter of appellate jurisdiction, there may not be a sound reason to treat the preservation of a post-plea sentencing error otherwise.
Lastly, we express some discomfort with the argument advanced in Stone that a legislative limitation on appellate jurisdiction would "interfere with what the supreme court has concluded is a defendant's constitutional right to appeal." 688 So.2d at 1008. It is true that the supreme court recently determined that criminal defendants have a state constitutional right to appeal. See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 774 (Fla.1996). However, the court continued:
[W]e believe that the legislature may implement this constitutional right and place reasonable conditions upon it so long as they do not thwart the litigants' legitimate appellate rights.... Applying this rationale to the amendment of section 924.051(3), we believe the legislature could reasonably condition the right to appeal upon the preservation of a prejudicial error or the assertion of a fundamental error.

Id. (emphasis added). Thus, the supreme court appears to be of the view that the legislature could limit appellate jurisdiction over sentencing errors to those errors which were properly preserved.
Despite these concerns, our review of Chapter 924, the amended Rules, and the Final Staff Analysis does not reveal to us any clear legislative intent to restrict appellate jurisdiction. Thus, we agree with the First District's holding in Stone that the preservation requirements of Chapter 924 are not jurisdictional. We, therefore, affirm the sentence imposed by the trial court in this case. However, we certify the following question to the supreme court as one of great public importance:
UNDER SECTION 924.051(3), (4), FLORIDA STATUTES (SUPP.1996) AND RULE OF APPELLATE PROCEDURE 9.140(b)(2)(B)(iv), IS THE FAILURE TO PRESERVE AN ALLEGED SENTENCING ERROR FOR APPEAL FOLLOWING A GUILTY PLEA A JURISDICTIONAL IMPEDIMENT TO AN APPEAL WHICH SHOULD RESULT IN A DISMISSAL OF THE APPEAL, OR IS IT A NON-JURISDICTIONAL BAR TO REVIEW WHICH SHOULD RESULT IN AN AFFIRMANCE?
STONE, C.J., and DELL, J., concur.
NOTES
[1] However, a concurrence in Keith states:

I do not read the Robinson decision as approving the dismissal of the appeal because the district court of appeal lacked jurisdiction to entertain the appeal in the sense that it lacked power to act and correct the errors raised; rather, the opinion is based on the appellant's failure to properly raise and preserve the issue for appellate review by first presenting the asserted error to the trial court for determination. Without such objection and motion being made in the trial court and obtaining a ruling thereon, the appeal presented no appropriate order for appellate review and was thus frivolous. To the extent that the majority opinion in this case and the cases cited therein suggest a complete lack of jurisdiction compels the dismissal of the appeal, I respectfully suggest that they are inaccurate. 582 So.2d at 1202 (Shivers, C.J., concurring).