710 So.2d 102 (1998)
Dameion HARRIEL, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1866.
District Court of Appeal of Florida, Fourth District.
April 15, 1998.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

EN BANC
WARNER, Judge.
The appellant pled guilty to the charges against him and was sentenced pursuant to a *103 negotiated plea agreement. Nevertheless, his appointed counsel filed a notice of appeal. The state moved to dismiss the appeal, which motion we denied without prejudice. As could be expected, the public defender filed a brief in compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), which establishes a procedure under which counsel appointed to represent an indigent defendant on appeal from a conviction and sentence can satisfy the attorney's ethical obligation of adequate representation where the attorney can identify no meritorious issues to raise on appeal. Upon reconsideration of the state's motion to dismiss, we grant the motion and write to establish a procedure for reviewing motions to dismiss appeals from convictions and sentences based on voluntary pleas of guilty or nolo contendere without reservation.
In the motion to dismiss this appeal prior to the filing of the Anders brief, the state argued that appellant had pled guilty and thus had waived all defects in the proceeding, except for jurisdictional defects. See Fla. R.App.P. 9.140(b)(2)(B); § 924.06(3), Fla. Stat. (1997). Moreover, if the appellant were to allege a sentencing error, it may not be raised for the first time on appeal but must be brought to the attention of the trial court, either at the time of sentencing or by motion to correct the sentence, pursuant to Florida Rule of Criminal Procedure 3.800(b). See Johnson v. State, 697 So.2d 1304, 1305 (Fla. 2d DCA 1997); § 924.051, Fla. Stat. (1997); Fla.R.App.P. 9.140(b)(2)(B)(iv), (d). No such motion was filed in this case. Thus, because there was no preserved issue, the appeal should be dismissed.
The appellant responded, noting that because he had a constitutional right to an appeal, even from a guilty plea, the court had jurisdiction to consider the appeal. Since the supreme court required the Anders procedure to be followed, see, e.g., State v. Causey, 503 So.2d 321 (Fla.1987), the dismissal of the appeal without briefing would take away the defendant's right to file an appeal. We denied the motion without prejudice. After receiving the Anders brief in this case, we now readdress the issue of whether we may dismiss an appeal from a conviction and sentence based upon a negotiated plea and sentence.
While our supreme court has recognized that criminal defendants have no federal constitutional right to a direct appeal, see Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, 774 (Fla.1996)(citing Evitts v. Lucey, 469 U.S. 387, 393, 105 S.Ct. 830, 834, 83 L.Ed.2d 821 (1985)), under article V, section 4(b) of the Florida Constitution, there is constitutional protection of the right to appeal. See id. However, the court noted that the Legislature could set reasonable conditions on that right "so long as they do not thwart the litigants' legitimate appellate rights." Id. (emphasis added)(footnote omitted).
In adopting the amendments to the Rules of Appellate Procedure to harmonize the judicial process with the recently enacted Criminal Appeal Reform Act of 1996, the court considered the effect of provisions of that act on appeals from pleas of guilty or nolo contendere without reservation. The court concluded that Robinson v. State, 373 So.2d 898 (Fla.1979), foreclosed appeals from matters which transpired prior to the plea but did not prevent a defendant from raising four distinct matters: (1) subject matter jurisdiction, (2) illegality of the sentence, (3) failure of the government to abide by a plea agreement, and (4) the voluntary intelligent character of the plea. See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d at 775 (citing Robinson, 373 So.2d at 902). This limited class of issues could still be raised despite the provisions of the Act. Thus, the court said:
Consistent with the legislature's philosophy of attempting to resolve more issues at the trial court level, we are also promulgating Florida Rule of Criminal Procedure 3.170(l), which authorizes the filing of a motion to withdraw the plea after sentencing within thirty days from the rendition of the sentence, but only upon the grounds recognized by Robinson or otherwise provided by law.
Id. at 775. In conformance with this pronouncement, amended Florida Rule of Appellate Procedure 9.140(b)(2)(B) provides:

*104 A defendant who pleads guilty or nolo contendere may otherwise directly appeal only

(i) the lower tribunal's lack of subject matter jurisdiction;
(ii) a violation of the plea agreement, if preserved by a motion to withdraw plea;

(iii) an involuntary plea, if preserved by a motion to withdraw plea;

(iv) a sentencing error, if preserved; or
(v) as otherwise provided by law.
(emphases added). Thus, as we read the rule, of the four issues which a defendant may raise on direct appeal from a voluntary plea pursuant to Robinson, those addressed to purported violations of the plea agreements by the government and the voluntariness of the plea must be preserved by a motion to withdraw a plea before they may be raised on direct appeal. A sentencing error must also be preserved by contemporaneous objection or by motion to correct the sentence under Florida Rule of Criminal Procedure 3.800(b). Otherwise, such errors may not be raised on appeal. See Fla.R.App.P. 9.140(d).
We except, however, claims that a sentence is illegal, i.e. that it exceeds the statutory maximum, which may be raised at any time. See Davis v. State, 661 So.2d 1193, 1196 (Fla.1995). The language of Davis indicates to us that an illegal sentence amounts to a "fundamental" error, if it can be corrected at any time. In its opinion approving the 1996 amendments to the Florida Rules of Appellate Procedure, the court said:
Insofar as [section 924.051(b)(4)] says that a defendant who pleads nolo contendere or guilty without expressly reserving the right to appeal a legally dispositive issue cannot appeal the judgment, we believe that the principle of Robinson controls. A defendant must have the right to appeal that limited class of issues described in Robinson.

Amendments to the Florida Rules of Appellate Procedure, 685 So.2d at 775. Thus, we disagree with Maddox v. State, 23 Fla.L.Weekly D720 (Fla. 5th DCA Mar.13, 1998), to the extent that it holds that a sentence which exceeds the statutory maximum is not a fundamental error which can be addressed on direct appeal without necessity of preservation.[1] We certify conflict with Maddox on this issue.
Consequently, where no motion is made in the lower tribunal, on an appeal from a plea of guilty or nolo contendere without reservation, the only issues which the appellate court can consider are the subject matter jurisdiction of the lower court and the illegality of the sentence. All other issues are foreclosed if they are not preserved by a motion to withdraw the plea or to correct the sentence. Recently, in Thompson v. State, 708 So.2d 289 (Fla. 4th DCA 1998), we held that the preservation requirements of section 9.140(b)(2)(B) and (d) are not jurisdictional, and that the cases from pleas without a preserved sentencing error are properly disposed of by an affirmance. However, Thompson was concerned with jurisdiction and did not address whether such cases may be dismissed on a motion from the state. In this case, the state moved to dismiss, asserting that there was no appealable issue.[2] Based on Robinson, we agree that such a motion is authorized and can result in a dismissal of the case.
Indeed, Robinson was disposed of on a motion to dismiss without briefing. See 373 So.2d at 900. The appellant had pled guilty and was sentenced based upon a plea agreement. Three days after sentencing, he filed a notice of appeal. See id. at 901. The state filed a motion to dismiss, contending the appeal was frivolous. The defendant had *105 designated the entire record, which was before the court, but briefs had not been filed. The district court of appeal dismissed the case, prompting an appeal to the supreme court. See id. at 900. After discussing the right to appeal from a guilty plea and determining that the four issues previously listed could still be considered in an appeal, the supreme court affirmed the dismissal of the appeal. See id. at 903.
Disposing of a case prior to briefing does not violate any principle upon which Anders was based. In the precursor to Anders, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the Supreme Court held that an indigent defendant was entitled to have counsel appointed to represent him on an appeal as of right from his conviction and sentence. Refusal of counsel, the Court said, would amount to a denial of equal protection, as an affluent defendant could retain counsel to press issues to the court whereas an indigent would not have that ability without counsel. See 372 U.S. at 355-56, 83 S.Ct. at 816. Independent review of a record by the appellate court would not suffice, because a rich appellant could require a court to give attention to the written brief and the arguments presented, whereas the indigent defendant would have no such ability. See 372 U.S. at 357-58, 83 S.Ct. at 817.
Relying principally on equal protection considerations, the Court in Anders explained how an appointed attorney for an indigent defendant could still perform in the role of an effective advocate even when counsel determined that there were no meritorious issues to raise. The court said:
The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the courtnot counselthen proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.
Anders, 386 U.S. at 744-45, 87 S.Ct. at 1400 (footnote omitted). Thus, Anders did not guarantee an indigent defendant the right to appeal; its purpose was to assure an indigent defendant the same opportunity to have counsel acting as an advocate as an affluent defendant would have in representation on appeal.
While our supreme court has required appointed counsel to follow the Anders procedure in filing briefs where counsel can find no meritorious issues to raise, see Causey, 503 So.2d at 322,[3] consideration of a well-taken motion to dismiss filed by the state does not violate the Anders procedure. *106 In filing its motion to dismiss, the state is not disadvantaging the indigent defendant. Indeed, the state could file the same motion against a rich defendant, if that defendant were to file an appeal from a conviction and sentence based upon a plea. In each case, the appellant's lawyer may be required to respond to the motion with the best argument against dismissal which can be mustered, but there is neither a denial of counsel nor a denial of equal protection of the law to require the appellant to respond as to why the appeal should not be dismissed. All appellants in similar circumstances are treated the same. Thus, the court's consideration of the state's motion to dismiss does not violate the purpose of Anders.
In accordance with this reasoning, we hold that the state may move to dismiss an appeal from a plea of guilty or nolo contendere without reservation, on the basis that the issues identified in Robinson are not implicated, with sufficient references to the record to support its position, and the appellant may file a response. We can then review the record to determine whether the appellant made a motion to withdraw the plea to preserve the issues of voluntariness of the plea and violation of the plea agreement or filed a motion to correct a sentencing error. If no motions have been filed, we will determine whether the other Robinson issues of subject matter jurisdiction or illegality of sentence exist. If they do not, we will dismiss the appeal as frivolous. If they do, we will deny the motion to dismiss, and the appellant can file a brief, Anders or otherwise.
We would add that if the state does not file a motion to dismiss in an appeal from a plea of guilty or nolo contendere, we will still examine the record and brief, whether it be filed by an indigent or non-indigent, to determine whether a Robinson issue exists which has been properly preserved. The first district adopted this procedure in Stone v. State, 688 So.2d 1006 (Fla. 1st DCA), rev. denied, 697 So.2d 512 (Fla.1997). In line with Thompson, 708 So.2d 289, we will summarily affirm the appeal pursuant to Florida Rule of Appellate Procedure 9.315 if we do not find that a Robinson issue exists and no preserved sentencing error is present. If we find such an issue and it has been preserved, we will treat the issue as in any other comparable appeal.
In this case, the appellant did not raise or preserve any Robinson issue or sentencing error. We therefore withdraw our previous order denying the motion to dismiss, and grant the same.
STONE, C.J., and GLICKSTEIN, DELL, GUNTHER, POLEN, FARMER, KLEIN, STEVENSON, SHAHOOD, GROSS and TAYLOR, JJ., concur.
NOTES
[1] Maddox concerned the issue of whether certain costs should have been taxed against the appellant. We would agree with the fifth district that the assessment of unauthorized costs should not be addressed on direct appeal without the error being first addressed to the trial court either at the sentencing hearing or by way of a motion to correct the sentence, pursuant to Fla.R.Crim.P. 3.800(b). However, we do not understand the assessment of various costs and fees to be an issue of illegality of the sentence as defined in Davis, although such costs may be unlawfully imposed.
[2] Most of the state's motions to dismiss in these types of cases claim a lack of jurisdiction. Thompson explains why the court has jurisdiction.
[3] Not all states require appointed counsel to follow the Anders procedure. See Martha C. Warner, Anders in the Fifty States: Some Appellants' Equal Protection is More Equal than Others', 23 Fla. St. L.Rev. 625, 643-651 (1996).