760 So.2d 114 (2000)
David LEONARD, Petitioner,
v.
STATE of Florida, Respondent.
No. SC93332.
Supreme Court of Florida.
May 11, 2000.
*115 James Marion Moorman, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Assistant Attorney General, Tallahassee, Florida, and Helene S. Parnes, Assistant Attorney General, Tampa, Florida, for Respondent.
PARIENTE, J.
We have for review Leonard v. State, 731 So.2d 2 (Fla. 2d DCA 1998), which expressly and directly conflicts with the opinions in Thompson v. State, 708 So.2d 289 (Fla. 4th DCA), review dismissed, 721 So.2d 287 (Fla.1998), and Stone v. State, 688 So.2d 1006 (Fla. 1st DCA), review denied, 697 So.2d 512 (Fla.1997), on the issue of whether section 924.051(4), Florida Statutes (Supp.1996), enacted as part of the Criminal Appeal Reform Act of 1996 ("the Act"), poses a jurisdictional bar to appellate review following the entry of a plea of guilty or nolo contendere.[1] We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
David Leonard pleaded guilty to one count of committing a lewd and lascivious act on a child under the age of sixteen years and two counts of attempted sexual battery on a child under the age of twelve. Leonard was initially sentenced to fifteen years of probation for the lewd and lascivious count and to thirty years imprisonment to be suspended after nine years for the attempted sexual battery counts. After serving his prison term and while serving the probationary portion of his sentence, Leonard was charged with violating the terms of his probation. Leonard pleaded nolo contendere to the charge and was thereafter sentenced to thirty years imprisonment for the lewd and lascivious count with a concurrent thirty-year sentence for the attempted sexual battery counts.
On appeal, Leonard challenged his thirty-year sentence for a lewd and lascivious act on a child as illegal because the statutory *116 maximum for the offense, a second-degree felony, is fifteen years. See Leonard, 731 So.2d at 2. The Second District found that "[b]ecause Leonard pleaded guilty to the underlying offense and failed to bring this error to the trial court's attention first, pursuant to section 924.051(4), Florida Statutes (Supp.1996), we are without jurisdiction to entertain this issue on direct appeal." Leonard, 731 So.2d at 2. Accordingly, the Second District dismissed the appeal "without prejudice to Leonard to seek correction of this possible error by filing a motion pursuant to Florida Rule of Criminal Procedure 3.800(a)." Leonard, 731 So.2d at 2.[2]
During oral argument, the State conceded that the Second District erred on two fronts in this case. First, the State agreed that the district court erred in finding that section 924.051(4)[3] constituted a jurisdictional bar to appellate review. Second, the State conceded that Leonard's sentence was illegal and subject to correction on appeal, even if not preserved for appellate review. We agree with the State's concessions of error and commend the State for its candor.[4]
As we explained in State v. Jefferson, 758 So.2d 661 (Fla.2000), section 924.051(3)[5] of the Act does not constitute a limit on the subject matter jurisdiction of appellate courts. However, in this case, unlike the defendant in Jefferson, Leonard pleaded guilty and now challenges as illegal the sentence imposed after a violation of probation. Thus, because this case involves an appeal following a guilty plea, it presents the different question of whether section 924.051(4), governing appeals where the defendant pleaded guilty or nolo contendere, requires a result different from the one we reached in Jefferson.
As with defendants who went to trial, defendants who plead guilty have a constitutional right to appeal, although the issues that they can raise on appeal are limited. See Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1104-06, 1138 (Fla.1996) (Amendments I) Seventeen years before the Legislature enacted section 924.051(4), this Court construed a similar statute and concluded that it foreclosed the right to appeal based on most matters that took place before the entry of a guilty plea. See Robinson v. State, 373 So.2d 898, 902 (Fla. *117 1979).[6] Despite the statutory restriction on the right to appeal, this Court held that defendants who pleaded guilty could nevertheless raise on appeal a limited number of issues that occurred contemporaneously with the entry of the plea, including: (1) lack of subject matter jurisdiction; (2) illegality of the sentence;[7] (3) failure of the government to abide by a plea agreement; and (4) the voluntary and intelligent character of the plea. See Robinson, 373 So.2d at 902.
In fact, when construing section 924.051(4) in Amendments I, this Court concluded that it was "directed to the same end but is worded slightly differently" than the statute construed in Robinson. Amendments I, 696 So.2d at 1105. After the enactment of section 924.051(4), we reasoned that "the principle of Robinson controls. A defendant must have the right to appeal that limited class of issues described in Robinson." Amendments I, 696 So.2d at 1105.
Ironically, despite the similar wording in these statutes, the First and Fourth District Courts of Appeal have rejected an interpretation that section 924.051(4) constitutes a jurisdictional bar requiring dismissal of the appeal. See Thompson, 708 So.2d at 290-92; Stone, 688 So.2d at 1008. However, prior to the enactment of the Act, these same district courts of appeal routinely dismissed appeals that did not present an issue cognizable under Robinson, concluding that, based on Robinson, courts lacked jurisdiction to entertain appeals where a criminal defendant pleaded guilty and the appeal did not present one of the issues recognized in Robinson. See, e.g., Keith v. State, 582 So.2d 1200, 1201 (Fla. 1st DCA 1991) (dismissing appeal for lack of jurisdiction); Ross v. State, 566 So.2d 356, 357 (Fla. 4th DCA 1990) (dismissing appeal for lack of jurisdiction because defendant mistakenly pleaded guilty, although plea colloquy revealed that defendant intended to preserve issue for appellate review and plead nolo contendere). This disposition was consistent with the pre-Act jurisprudence of the Second, Third, and Fifth Districts. See Hampton v. State, 680 So.2d 581, 583 (Fla. 3d DCA 1996) (dismissing appeal for lack of jurisdiction); Skinner v. State, 399 So.2d 1064, 1065 (Fla. 5th DCA 1981) (same); Counts v. State, 376 So.2d 59, 60 (Fla. 2d DCA 1979) (same).
While none of these opinions included a subject matter jurisdictional analysis, they concluded that under Robinson, the courts lacked jurisdiction and accordingly dismissed the appeals. However, Judge Zehmer, in a special concurrence in Keith, while agreeing that dismissal was appropriate, disagreed that the issue was one of lack of subject matter jurisdiction:
I do not read the Robinson decision as approving the dismissal of the appeal because the district court of appeal lacked jurisdiction to entertain the appeal in the sense that it lacked power to act and correct the errors raised; rather, the opinion is based on the appellant's failure to properly raise and preserve the issue for appellate review by first presenting the asserted error to the trial court for determination. Without such objection and motion being made in the trial court and obtaining a ruling thereon, the appeal presented no appropriate order for appellate review and was thus frivolous. To the extent that the majority opinion in this case and the *118 cases cited therein suggest a complete lack of jurisdiction compels the dismissal of the appeal, I respectfully suggest that they are inaccurate.
Keith, 582 So.2d at 1202. We agree with Judge Zehmer's analysis that the appellate court does not lack subject matter jurisdiction to entertain the appeal under these circumstances.
Thus, the question presented is whether the Legislature intended section 924.051(4) to codify existing law or to create a new jurisdictional bar to appellate review when defendants pleaded guilty "without expressly reserving the right to appeal a legally dispositive issue" or raising an issue that had previously been allowed under Robinson. As in Jefferson, we have considered the canon of statutory construction that statutes should be construed in a manner that upholds their constitutionality. See Jefferson, 758 So.2d at 664-65. Construing section 924.051(4) as codifying the existing limitations on what issues may be addressed on appeal following the entry of a guilty plea or plea of nolo contendere rather than limiting the subject matter jurisdiction of the appellate courts comports with this canon. See id.
In addition, as in Jefferson, the legislative history of the Act supports this construction. See Magaw v. State, 537 So.2d 564, 566 (Fla.1989). The legislative history indicates that section 924.051(4) was intended to "basically codify" this Court's decision in Robinson. See Fla. H.R. Comm. on Crim. Just., CS for HB 211 (1996) Staff Analysis 5-6 (Nov. 4, 1996). In fact, the Legislature specifically considered and rejected enacting a jurisdictional bar to appellate review, even with respect to appeals from convictions entered pursuant to guilty pleas.[8] This suggests that the Legislature did not intend the Act to constitute a jurisdictional bar to appellate review. Thus, we agree with Thompson and Stone that the Act is not a limitation on the subject matter jurisdiction of the appellate courts, but instead is a codification of the existing law regarding the issues that can be addressed on appeal following a plea of guilty.
This determination leaves only the unresolved question of whether an affirmance or dismissal is the appropriate disposition. This question has troubled some appellate courts, as evidenced by the certified questions in both Jefferson and Thompson, which assumed that an appeal would be dismissed if the Act presented a jurisdictional bar to review but the convictions and sentences would be affirmed only if the Act codified existing procedural bars. See Jefferson, 724 So.2d at 105-06; Thompson, 708 So.2d at 292.
In Stone, the First District, while determining that the Act did not constitute a jurisdictional bar, concluded that it would dismiss with a citation to Robinson if the appeal did not present a Robinson issue. See Stone, 688 So.2d at 1008. On the *119 other hand, if the appeal did present a Robinson issue, the First District concluded that it would address the merits if the issue had been preserved for review, or it would simply affirm if the issue had not been appropriately preserved. See id.[9] Similarly, the Fourth District concluded that it would grant the State's motion to dismiss an appeal as frivolous if the appeal did not present a Robinson issue. See Harriel v. State, 710 So.2d 102, 106 (Fla. 4th DCA 1998) (en banc).[10] Further, if the State did not file a motion to dismiss, the Fourth District announced that it would summarily affirm frivolous appeals pursuant to Florida Rule of Appellate Procedure 9.315. See id. The Fifth District, although refusing to consider any unpreserved sentencing errors in either the guilty-plea context or following a trial, has summarily affirmed all cases presenting an unpreserved sentencing error. See, e.g., Maddox v. State, 708 So.2d 617, 621 (Fla. 5th DCA 1998) (en banc), approved in part, disapproved in part, 760 So.2d 89 (Fla.2000); Calloway v. State, 718 So.2d 268, 268 (Fla. 5th DCA 1998).
A summary disposition with a citation to Robinson, if no Robinson issue is presented, or a citation to Maddox, if no fundamental sentencing error is presented, will advance the interests of judicial economy and fulfill the purposes of the Criminal Appeals Reform Act by efficiently disposing of appeals where the defendant pleaded guilty or nolo contendere and the appeal is clearly frivolous. Further, uniformity in reporting results among the districts is important to assist in measuring and comparing appellate court dispositions.[11] Accordingly, the district courts should affirm summarily utilizing the procedure set forth in Florida Rule of Appellate Procedure 9.315(a)[12] when the court determines that an appeal does not present: (1) a legally dispositive issue that was expressly reserved for appellate review pursuant to section 924.051(4);[13] (2) an issue concerning whether the trial court lacked subject matter jurisdiction as set forth in Robinson; or (3) a preserved sentencing error or a sentencing error that constitutes fundamental error as set forth in our opinion in Maddox, 760 So.2d 89 (Fla.2000).
As for the sentencing error presented in this case, we recently held in Maddox that certain unpreserved sentencing errors could be raised on appeal as *120 fundamental error during the window period between the effective date of the Act and the effective date of the recent amendments to our procedural rules in Amendments to Rules of Criminal Procedure 3.111(e) & 3.800 & Florida Rules of Appellate Procedure 9.020(h), 9.140, & 9.600, 761 So.2d 1015 (Fla.1999), reh'g granted, 761 So.2d at 1025. As we explained in more detail in Maddox, a claim that the sentence imposed exceeds the maximum sentence allowed by statute constitutes a fundamental error that can be raised on appeal, even when the defendant was sentenced pursuant to a guilty plea. See Maddox, 760 So.2d at 101. Leonard's case falls within this window period, and therefore, he can raise this error on appeal. See id.
Accordingly, we quash Leonard and remand to the Second District for further proceedings consistent with this opinion and disapprove Jefferson to the extent it is inconsistent with this opinion.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, LEWIS and QUINCE, JJ., concur.
NOTES
[1] In Jefferson v. State, 724 So.2d 105, 106 n. 1 (Fla. 3d DCA 1998), approved, 758 So.2d 661 (Fla.2000), the Third District, while finding that section 924.051(3), Florida Statutes (Supp.1996), did not create a jurisdictional bar to appellate review, noted its disagreement with Stone v. State, 688 So.2d 1006 (Fla. 1st DCA), review denied, 697 So.2d 512 (Fla. 1997), on the issue of "whether a defendant can appeal from a guilty plea in the absence of one of the limited exceptions necessary for such an appeal set forth in Robinson v. State, 373 So.2d 898 (Fla.1979)."
[2] The Second District has since receded from this conclusion in part, finding that certain unpreserved sentencing errors, whether imposed following a trial or following a guilty plea, constitute fundamental error that may be addressed on appeal. See Bain v. State, 730 So.2d 296, 304 (Fla. 2d DCA 1999) (en banc). Nevertheless, the Second District continues to regard sections 924.051(3) and (4) as imposing limits on the subject matter jurisdiction of appellate courts, even though it has questioned whether the Legislature has the constitutional authority to limit the subject matter jurisdiction of appellate courts to hear criminal appeals. See Bain, 730 So.2d at 300-01.
[3] Section 924.051(4) provides:

(4) If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.
[4] The State also argues that Leonard has suffered no prejudice from the erroneous imposition of this illegal sentence because it is to be served concurrently with other sentences that are unchallenged. However, the fact that the illegal sentence is to be served concurrently with another sentence does not mean that it should remain uncorrected.
[5] Section 924.051(3) provides:

(3) An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
[6] The statute construed in Robinson provided: "A defendant who pleads guilty or nolo contendere with no express reservation of the right to appeal shall have no right to a direct appeal. Such a defendant shall obtain review by means of collateral attack." 373 So.2d at 901 (quoting section 924.06(3), Florida Statutes (1977)).
[7] Apparently, this Court in Robinson used the term "illegality of the sentence" in a broad sense to cover various types of errors in the sentence imposed. See Maddox v. State, 760 So.2d 89 (Fla.2000); see also Brown v. State, 633 So.2d 112, 114 (Fla. 2d DCA 1994) (Altenbernd, J., concurring in part and dissenting in part).
[8] The prefiled version of the bill provided that all criminal defendants must demonstrate the jurisdiction of the appellate court before the court could consider the merits of the appeal. See Fla. HB 211, § 4 (1995) (prefiled) ("Jurisdiction of an appellate court over an appeal is substantive and must be satisfactorily demonstrated by the appellant before the court can consider the merits of the appeal. When appellate jurisdiction is challenged, all other appellate proceedings in the case are stayed until the challenge is resolved."); Fla. SB 2, § 4 (1995) (prefiled). In a subsequent amendment, this jurisdictional requirement was limited to appeals in which the defendant pleaded guilty or nolo contendere. See Fla. CS for HB 211, § 4 (1996) ("A party who appeals from a judgment or sentence entered after a defendant pleads guilty or nolo contendere must satisfactorily demonstrate to the appellate court, on or before filing the initial brief or original petition, that the party has a right to appeal under s. 924.06 or s. 924.07 and that the appellate court may consider the appeal under his section."). The Legislature eventually struck all of this language from the bill, See ch. 96-248, § 4, at 954, Laws of Florida (codified at section 924.051), demonstrating that the Legislature rejected this two-step procedure even with respect to guilty pleas.
[9] The district court in Stone did not consider whether it would correct unpreserved sentencing errors that constituted fundamental error. 688 So.2d at 1007-08. In a later en banc case the First District made clear that certain unpreserved sentencing errors would be considered fundamental and correctable on direct appeal, even though the defendant had been sentenced pursuant to a negotiated plea. See Nelson v. State, 719 So.2d 1230, 1231 n. 1 (Fla. 1st DCA 1998).
[10] Prior to its en banc decision in Harriel, the Fourth District in Thompson affirmed the defendant's sentence because the error was not preserved for appellate review. See Thompson, 708 So.2d at 292.
[11] This Court's Judicial Management Council's Committee on District Court of Appeal Performance and Accountability was formed to address several matters including the ability of district courts of appeal to measure and evaluate their performance. See Judicial Management Council, Comm. on District Court of Appeal Performance and Accountability at 1 (Sept.1999). One of the mandates of the committee is to establish "uniform methods of counting cases and reporting appellate information." Id. at 1, 6-7.
[12] If the District Court of Appeal Performance and Accountability Committee determines that dismissal rather than affirmance would be the appropriate uniform disposition in this type of case, the Committee may recommend this option to the Court.
[13] As for appeals raising the voluntary and intelligent character of the plea or the failure of the State to abide by the plea agreement, these issues must be preserved for appeal by first filing a motion to withdraw the plea in the trial court. See State v. Thompson, 735 So.2d 482, 485 (Fla.1999); Robinson, 373 So.2d at 902; Harriel, 710 So.2d at 106; Fla. R.App. P. 9.140(b)(2)(B)(ii)-(iii).