PER CURIAM.
Appellant Edward Motta appeals from pleas of guilty to, charges of Felony Battery and Aggravated Battery on the ground that the trial court erred by rejecting his guilty in his best interest plea once it had been accepted. Because Motta failed to preserve his right to appeal, we affirm.
Appellant pleaded guilty in his best interest to charges of Felony Battery and Aggravated Battery. Following a recitation of the factual bases for the charges, the trial court accepted .appellant’s plea of guilty to both counts. Subsequent to this acceptance, the trial court requested that appellant admit to the factual bases. Appellant’s counsel responded that, since this was a plea to the court and not a plea agreement, appellant would like to plead no contest and would agree that if,the facts were presented to a jury he could be found guilty of each charge. The trial court refused to accept a no contest plea based on the severity of the factual bases, but would accept a plea of guilty. Appellant’s counsel stated he would plead guilty as a plea in his best interest. Indicating the inappropriateness of either a no contest plea or a guilty plea in his best interest, the court requested that he enter a guilty plea or proceed to trial. Appellant then stated he pleaded, guilty, and the trial court entered the plea.
Florida Rule of Appellate Procedure 9.140(b)(2)(A) allows for a defendant to appeal from a guilty or nolo contendere plea for reasons including those applicable to this case: (I) the right to appeal is expressly reserved or (ii) in the case of the violation of a plea agreement or involuntary plea, the issue is preserved by a motion to withdraw. In this case, neither the trial court record nor the transcript indicate any expressed reservation by the appellant; further, no motion to withdraw plea was made on the record.
Therefore, the issue is not properly preserved for review, requiring that this Court affirm. See Harriel v. State, 710 So.2d 102, 104 (Fla. 4th DCA 1998)(“Recently, in Thompson v. State, 708 So.2d 289 (Fla. 4th DCA 1998), we held that the preservation requirements of section 9.140(b)(2)(B) and (d) are not jurisdictional .... ”)(en banc).
AFFIRMED.
GUNTHER, STEVENSON and HAZOURI, JJ., concur.