SILBERMAN, Judge.
The State charged T.A.R. with burglary of a structure, criminal mischief, and petit theft. He filed a motion to suppress, raising several issues. After an evidentiary hearing, the trial court granted the motion in part and denied the motion in part. Later that day, the parties entered into a plea agreement calling for T.A.R. to enter a guilty plea to the burglary and criminal mischief charges in exchange for the State entering a nolle prosequi as to the petit theft charge. The parties agreed that the trial court would reserve jurisdiction as to restitution. T.A.R.’s counsel indicated that T.A.R. was entering the plea “with the right to reserve for an appeal,” and the plea form indicated that T.A.R. was “reserving the right to appeal.” The trial court accepted the plea and entered a juvenile probation order/disposition order, withholding adjudication and placing T.A.R. on probation.
On appeal, T.A.R. argues that the trial court erred in partially denying his motion to suppress. After the parties submitted their briefs, we entered an order directing the parties to address whether the issue argued on appeal had been properly preserved for review by this court. Our order noted that under Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i), a defendant may not appeal from a guilty or nolo con-tendere plea unless the defendant expressly reserves the right to appeal a “disposi-tive order of the lower tribunal, identifying with particularity the point of law being reserved.” We stated that “[ajbsent T.A.R.’s express reservation of the right to appeal a particular point of law and a determination by the trial court that its prior order on that point was dispositive, this court has not been presented with an appealable issue. See Leonard v. State, 760 So.2d 114, 116-19 (Fla.2000).”
In response to our order, T.A.R. acknowledges that his trial counsel did not *994 identify a particular point of law to be appealed and that there was no finding or stipulation that the suppression issue was dispositive. The State adds that in any event, it had other evidence that would have been sufficient for the case to have gone to trial regardless of the trial court’s ruling on the motion to suppress.[1]
Under these circumstances, we conclude that no appealable issue is presented. T.A.R. did not properly identify with particularity the point of law being reserved and he did not seek a stipulation or an order that a dispositive issue existed. Further, the record does not reflect whether the trial court’s ruling on the motion to suppress was dispositive. Therefore, we affirm the juvenile probation order/disposition order. See Leonard, 760 So.2d at 116-19; see also State v. T.G., 800 So.2d 204, 209 n. 3 (Fla.2001) (recognizing procedure set forth in Leonard is applicable in juvenile context).
Affirmed.
NORTHCUTT, C.J., and KELLY, J, Concur.

. We note that the State’s contention as to the existence of other evidence is not supported or refuted by the record on appeal.