FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D17-2765
_____

KENNETH OSBORNE,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
Michael A. Flowers, Judge.

June 5, 2019

RAY, J.

In this direct appeal, Kenneth Osborne challenges his judgment and sentence for lewd and lascivious conduct and video voyeurism. Osborne pleaded no contest after he unsuccessfully sought to suppress video from a camera obtained during the search of his residence. The trial court adjudicated Osborne guilty on both counts and sentenced him to fifteen years in prison followed by five years of probation. Osborne now challenges the denial of his motions to suppress.

In general, a defendant who pleads guilty or nolo contendere forfeits the right to appeal the judgment entered on the plea. An exception exists when a defendant "expressly reserve[s] the right to appeal a prior dispositive order of the lower tribunal,

identifying with particularity the point of law being reserved." Fla. R. App. P. 9.140(b)(2)(A)(i); *see also* § 924.051(4), Fla. Stat. (2016) ("If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.").

Here, Osborne failed to reserve the right to appeal the trial court's ruling on the motions to suppress, either in the written plea agreement or during his plea colloquy. Further, the State did not stipulate, and the trial court did not determine, that the motions to suppress were dispositive.

Because Osborne gave up the right to challenge the denial of his motions to suppress, we affirm. *See Leonard v. State*, 760 So. 2d 114, 119 (Fla. 2000) (holding that a district court should summarily affirm "when the court determines that an appeal does not present ... a legally dispositive issue that was expressly reserved for appellate review").

AFFIRMED.

B.L. THOMAS, C.J., and WINOKUR, J., concur.

––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––

Bert Moore, Crestview, for Appellant.

Ashley Moody, Attorney General, and Benjamin Louis Hoffman, Assistant Attorney General, Tallahassee, for Appellee.