765 So.2d 147 (2000)
Harold PAULK, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-4298.
District Court of Appeal of Florida, First District.
June 26, 2000.
Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
BARFIELD, C.J.
In this appeal of a sentence imposed after the appellant admitted the alleged probation violations, the assistant public defender has filed a brief pursuant to Anders *148 v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he cannot make a good faith argument that reversible error has occurred. After examining the briefs and the record, we affirm the sentence.
In Robinson v. State, 373 So.2d 898, 900 (Fla.1979), the supreme court affirmed the fourth district court's dismissal of an appeal after a guilty plea on the grounds that it was frivolous and contrary to the provisions of section 924.06(3), Florida Statutes (1977). It upheld the constitutionality of the statute, finding that its express preclusion of any direct appeal from a guilty plea was "directed to pretrial rulings and not to matters which may occur simultaneously with a plea of guilty or a plea of nolo contendere." It enumerated the issues which may be the proper subject of appeal in such cases (hereinafter referred to as "Robinson issues"): 1) the subject matter jurisdiction, 2) the illegality of the sentence, 3) the failure of the government to abide by the plea agreement, and 4) the voluntary and intelligent character of the plea. It rejected Robinson's contention that he had a right to a general review of the plea without a specific assertion of wrongdoing, finding that "[t]here is clearly no authority to seek an appellate review upon unknown or unidentified grounds, and it is improper to appeal on grounds known to be nonappealable," that "[t]he appeal is clearly not from any identified error which occurred contemporaneously with the plea," and that "the district court was justified in granting the motion to dismiss." Id. at 903.
In Stone v. State, 688 So.2d 1006 (Fla. 1st DCA), review denied, State v. Stone, 697 So.2d 512 (Fla.1997), the defendant had pled nolo contendere, the assistant public defender appointed to represent him had filed an Anders brief and cited Robinson, and the state had filed a motion to dismiss the appeal for lack of jurisdiction over the subject matter, based on 1996 amendments to section 924.051(4). Citing Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla. 1996), in which the supreme court had addressed the effect of amended section 924.051(4) on Robinson, we denied the state's motion, refusing to construe the amended chapter 924 as "intended to limit appellate subject matter jurisdiction in direct criminal appeals." 688 So.2d at 1008. We stated that if, after examining the briefs and the record in such cases, we conclude that no Robinson issue exists, "we will dismiss the appeal with a citation to Robinson"; if we conclude that a Robinson issue exists and has been preserved, "we will address the merits; and if we conclude that a Robinson issue exists and has not been preserved, "we will affirm without reaching the merits." Id.
In Leonard v. State, 760 So.2d 114 (Fla.2000), the supreme court reviewed Leonard v. State, 731 So.2d 2 (Fla. 2d DCA 1998), which it found directly conflicted with this court's opinion in Stone on the question of whether section 924.051(4), Florida Statutes (Supp.1996), poses a jurisdictional bar to appellate review following the entry of a plea of guilty or nolo contendere. At oral argument, the State conceded that the second district court had erred in finding that the statute constituted a jurisdictional bar to appellate review of Leonard's sentence. The supreme court agreed with the analysis in Judge Zehmer's special concurrence in Keith v. State, 582 So.2d 1200 (Fla. 1st DCA 1991), that a dismissal of an appeal under these circumstances is not based upon a lack of subject matter jurisdiction, but upon the appellant's failure to properly raise and preserve the issue for appellate review by first presenting the asserted error to the trial court for determination, which renders the appeal frivolous. It then addressed "the unresolved question of whether affirmance or dismissal is the appropriate disposition" of appeals "where the defendant pleaded guilty or nolo contendere and the appeal is clearly frivolous." It observed that "uniformity in reporting results *149 among the districts is important to assist in measuring and comparing appellate court dispositions," and concluded:
[T]he district courts should affirm summarily utilizing the procedure set forth in Florida Rule of Appellate Procedure 9.315(a) when the court determines that an appeal does not present: (1) a legally dispositive issue that was expressly reserved for appellate review pursuant to section 924.051(4); (2) an issue concerning whether the trial court lacked subject matter jurisdiction as set forth in Robinson; or (3) a preserved sentencing error as set forth in our opinion in Maddox [v. State], 760 So.2d 89 (Fla. 2000).
760 So.2d at 119 (footnotes omitted).
In compliance with the supreme court's most recent pronouncement on this matter in Leonard, we AFFIRM.
KAHN and DAVIS, JJ., CONCUR.