ORDER ON APPELLEE’S MOTION TO

STAY BRIEFING AND OTHER RELIEF

PER CURIAM.
Tangela Lafay Hudson entered a plea of nolo contendere to a charge of sale of cocaine. A sentence of 364 days in county jail was imposed but suspended in favor of three years of probation. However, Ms. Hudson later conceded that she had violated the terms of her probation and the suspended sentence was imposed, with credit for time previously served. A timely notice of appeal was filed and the Public Defender for the Second Judicial Circuit was appointed. The Public Defender has filed a brief in accordance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that no good faith argument can be made that reversible error was committed in the trial court. The brief was accompanied by the Public Defender’s motion to allow the appellant to file a pro se brief and that motion was granted. This court also issued an order, on its own motion, which informed appellee that no answer brief would be required unless so ordered.
*665 In the meantime, however, the State of Florida filed the “motion to stay briefing and other relief’ [sic] which we address in this published order. According to appel-lee, the Supreme Court of Florida announced in Leonard v. State, 760 So.2d 114 (Fla.2000) that the district courts should create a screening procedure which identifies appeals from guilty or unreserved nolo contendere pleas for summary review without further briefing. Concluding that this court has no such procedure the state asks that we institute one. The motion further states:
The state notes that, contrary to Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998), affirmed in part, State v. Trowell, 739 So.2d 77 (Fla.1999) and Ford v. State, 575 So.2d 1335 (Fla. 1st DCA), review denied, 581 So.2d 1310 (Fla. 1991), nothing in the United States Constitution requires that the state subsidize frivolous appeals and wasteful abuses of the appellate system by providing counsel or full appellate review once it is properly determined that the appeal is frivolous. Smith v. Robbins, [528 U.S. 259,]120 S.Ct. 746[, 145 L.Ed.2d 756] (2000).
This court noted and appeared to adopt the Leonard decision in Paulk v. State, case number 1D99-4298, [765 So.2d 147] (Fla. 1st DCA June 26, 2000). However, Paulk was fully briefed prior to the issuance of Leonard and this court did not have the opportunity to implement summary affirmance pursuant to rule 9.315(a) as directed by the Florida Supreme Court in Leonard. There have since been numerous cases where appeals were filed following guilty pleas and where appellant filed an initial brief, after Leonard issued, confessing that no issues had been preserved, i.e., that Leonard was applicable. Unfortunately, this court has not implemented a screening process and, although the Leonard holding and procedure has been repeatedly brought to its attention by the state, seemingly intends to continue the wasteful expenditure of public funds and judicial resources just as if Leonard did not exist and there was no requirement that such appeals be immediately reviewed upon filing of the initial brief pursuant to rule 9.315(a) for summary affirmance. The state invites the attention of the court to Hoffman v. Jones, 280 So.2d 431 (Fla.1973) and the uncon-troverted constitutional principle that this court is without authority to ignore controlling decisions of the Florida Supreme Court. If this court does not agree with the Leonard decision and the procedures set out therein, the state urges the court to nevertheless perform its constitutional duty to obey controlling decisions of the Florida Supreme Court and, if it wishes, to register its disagreement with Leonard by certified question.
For the above reasons, the state urges the court to stay further briefing in this appeal and to conduct summary review pursuant to rule 9.315(a), Leonard, Hoffman, and Paulk.
We find that this motion is not well-taken. We have carefully reviewed Leonard and find nothing therein which suggests that it abrogates the well-established procedures for Anders appeals, which include the opportunity for the appellant to file a pro se brief and the requirement that this court review the entire record. Moreover, counsel apparently reads Leonard for the proposition that when such briefs are filed the cases are to be expedited and given priority over earlier-matured cases for consideration and disposition on the merits by three judge panels of this court. We disagree. The motion also violates the spirit, if not the letter, of Florida Rule of Appellate Procedure 9.315(c), which prohibits a party from moving the court for summary disposition of a case. Finally, we deny the motion because such screening is now being done in this court and has been for some time, long before the publication of Leonard, as demonstrated by the sua sponte orders described above in this *666 and similar cases which direct that no answer brief shall be required.[1]
MOTION DENIED.
WEBSTER, PADOVANO and BROWNING, JJ., concur.

. This court also receives Anders briefs in appeals from convictions which have been entered on jury verdicts and the standard order informing appellee that no answer brief is required does not issue in such cases.