HARRIS, Judge.
Michael Ward timely appeals a judgment and sentence for possession of cocaine. He argues that the trial judge erred in denying his motion to suppress certain evidence pri- or to trial. Because of our recent en banc holding in Thomas v. State, 583 So.2d 336 (Fla. 5th DCA 1991) we affirm.
*187 On January 26, 1989, officers were on the premises of the Econo Motor Lodge in Melbourne for the purpose of serving a warrant on the Sports and Spirits Lounge for gambling. Ward was present in the bar at the time. Upon the police entering the lounge, Ward immediately left the bar carrying an open container of beer.
Officer Woerner signaled another officer, Shultz, to stop Ward. Shultz testified that he observed Ward with an open container of beer which he put down when the officer approached. Schultz then arrested him for having an open container, patted him down for weapons and took him back into the bar. Officer Driggers subsequently searched him and discovered cocaine in his pocket.
Ward filed a motion to suppress the cocaine found on his person on the grounds that he had not violated the open container ordinance.[1] After hearing testimony, the trial judge denied his motion by order dated June 21, 1989. Appellant subsequently entered a plea of nolo contendere to the charge of possession and was sentenced to 4 years probation. He brings this appeal.
The Melbourne City Ordinance prohibits “any person to ... possess an open container of alcoholic beverage on the premises outside ... of any building containing an establishment open to the general public.” Ward contends that since he was on the walkway outside the lounge at the time of his arrest, and since such walkway was a part of the “curtilage” of the motel, he did not violate the ordinance. We disagree. The ordinance specifically prohibits the possession of an open container outside “any building containing an establishment open to the public.” The ordinance does not except the curtilage area.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.

. Ward also urges that the stop was pretextual. The record fails to support this claim.