606 So.2d 1246 (1992)
Paul Rodney REED, Appellant,
v.
STATE of Florida, Appellee.
No. 92-18.
District Court of Appeal of Florida, Fifth District.
October 23, 1992.
James B. Gibson, Public Defender, and George D.E. Burden, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Myra J. Fried, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The issue on this appeal deals with the trial court's denial of the defendant's motion *1247 to suppress evidence. The facts indicate that a BOLO had been issued for a shooting suspect who had last been seen in a green colored vehicle. On the afternoon of February 26, 1991, an officer sighted this vehicle parked at a private residence and was ordered to keep the residence under surveillance. While watching, a brown van drove up and two males exited the van and entered the residence. Later, two males came out of the residence and entered the brown van and left. Subsequent to this, two additional males left the residence and departed in the green vehicle. It was determined that the suspect was not in the green vehicle.
Officer Oyster, who had prior knowledge of the BOLO, followed the brown van until it stopped. The officer did not see which male exited the driver's side of the van, but assumed that the defendant was the driver. Oyster approached both males and asked for identification and driver's licenses, even though no traffic violation had occurred. The defendant responded that he did not have a driver's license with him and that he was not the driver of the van.
At trial, the officer testified that he believed the defendant was the subject of the BOLO even though it portrayed the suspect as being 6' tall and weighing 180 pounds. By comparison, the defendant was 5'7" tall and weighed 150 pounds. Oyster related that he had noticed a bulge in the defendant's pants pocket and had asked him what was there. The defendant apparently turned his body around side-ways and pulled out a rag, reporting that nothing else was in his pocket. The defendant was then ordered over to the van so he could be frisked and at that point, he looked to the left and right, which the officer believed was an indication that the defendant was about to flee. Oyster attempted to grab the defendant's jacket and the defendant subsequently pushed and shoved the officer in an attempt to get away. In the scuffle, a plastic bag containing crack cocaine fell from the defendant's pocket.
The defendant was charged with unlawful possession of a controlled substance with intent to sell and resisting arrest with violence. A plea of no contest was entered as to both counts, reserving the right to appeal the denial of the defendant's motion to suppress.
We find that the motion was properly denied by the trial court on the authority of our opinion in Jones v. State, 570 So.2d 433 (Fla. 5th DCA 1990). As we pointed out in that case, a battery upon a law enforcement officer, even one attempting an invalid arrest, is illegal. Hence, in this case, evidence seized as incident to the lawful arrest for resisting arrest with violence is not subject to suppression.
AFFIRMED.
COWART and PETERSON, JJ., concur.