643 So.2d 689 (1994)
Peter William LINTS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2803.
District Court of Appeal of Florida, Fifth District.
October 14, 1994.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mark S. Dunn, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Chief Judge.
The issues of this appeal concern the failure to suppress evidence allegedly illegally seized during an arrest involving charges in another county and whether principles of double jeopardy bar a second prosecution for continuous possession of a firearm in two separate counties by a convicted felon.
Although the commission of the offenses involved in this appeal from Peter William Lints' conviction in Seminole County predate the events that transpired during his arrest in Volusia County, it is the Volusia County arrest and conviction that forms the factual basis for the present appeal.
Lints, who was parked in front of a closed business in Volusia County at three o'clock in the morning, was approached by an officer of the South Daytona Police Department. Because Lints appeared "extremely nervous" and gave inappropriate answers to the officer's questions, the officer became suspicious and, after taking Lints' driver's license, called for backup. When additional officers arrived, a search of Lints' vehicle (by consent, according to the officers; without consent, according to Lints) was commenced.
The search turned up, among other items, a loaded handgun hidden under the driver's seat. This gun was traced to a burglary (the subject of this appeal) in Seminole County. When Seminole County officers interviewed Lints in jail in Volusia County, he made statements implicating himself in the Seminole County burglary.
Lints pled nolo contendere in Volusia County to three counts of battery on a police officer and possession of a handgun by a convicted felon. He never challenged the search in that case nor appealed his conviction. However, in this Seminole County action he moved to suppress his statements and the firearm because he now claims the Volusia County search was illegal and that the statements to the Seminole County authorities, which resulted because of the improper discovery of the firearm, were fruits of the *690 poisonous tree. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The court rejected this argument and Lints pled nolo contendere to armed burglary, grand theft, petit theft and possession of a firearm by a convicted felon.[1] He reserved his right to appeal.
Lints contends that since the arresting officers started their improper search before he committed the batteries, the challenged evidence should be suppressed. It is clear from the record, however, that the firearm which led to the Seminole County involvement was not found until after Lints was arrested for the batteries. The fact that Lints may have been improperly detained before this is to no avail. The batteries validated the search. Jones v. State, 570 So.2d 433 (Fla. 5th DCA 1990); Reed v. State, 606 So.2d 1246 (Fla. 5th DCA 1992); Bradford v. State, 567 So.2d 911 (Fla. 1st DCA 1990), rev. denied, 577 So.2d 1325 (Fla. 1991).
We agree with Lints, however, that his possession of the firearm was a continuing offense and, unless the possession was shown to be somehow interrupted, constitutes but a single offense. See Bailey v. State, 637 So.2d 333 (Fla. 2d DCA 1994). There was no such showing in this case. The plea to the possession of the same firearm in Volusia County prevents a subsequent conviction of a prior possession of that same firearm in Seminole County. That conviction is reversed.
AFFIRMED in part; REVERSED in part and REMANDED for further action consistent with this opinion.
DIAMANTIS and THOMPSON, JJ., concur.
NOTES
[1] The trial court rejected his claim of double jeopardy as to the possession of firearms count.