702 So.2d 240 (1997)
STATE of Florida, Appellant,
v.
Brent ROUX, Appellee.
No. 96-3341.
District Court of Appeal of Florida, Fifth District.
November 14, 1997.
Rehearing Denied December 17, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellee.
THOMPSON, Judge.
The State of Florida appeals an order granting Brent Roux's motion to suppress evidence. We have jurisdiction[1] and we reverse because, although there was no probable cause to arrest for sale or possession of drugs, there was probable cause to arrest for battery and battery on a law enforcement officer.
Brent Roux was sitting in the front passenger seat of the only car parked in the lot of a closed, Seminole County, McDonald's *241 restaurant. Unknown to Roux, he was being observed by four law enforcement agents. The agents were members of the County City Investigative Bureau (CCIB), a drug and vice task force. Standing outside of Roux's vehicle was a male who was seen handing Roux money. One agent who observed the transaction and assumed it was a hand-to-hand drug buy, got out of the car and approached Roux. The agent was dressed in the standard CCIB uniform: black pants, a black shirt, a black bulletproof vest with a sheriff's insignia on one side and a badge on the other, and a gunbelt.
Roux saw the officer, got out of the car, pushed the man who gave him the money into the agent, and ran. The agent chased Roux and arrested him. The agent patteddown Roux and found a bag of marijuana in his front pocket. At the jail, cocaine was also found on Roux. Roux was charged with resisting arrest without violence and possession of cannabis. A separate charge of possession of cocaine, the charge before this court, was later filed against Roux. The trial court granted Roux's motion to suppress, ruling that the agent did not have probable cause to arrest Roux when he approached the car. The state appeals.
The state argues that the trial court erred when it ruled there was no probable cause for arrest. We agree with the trial court that the agent could not have arrested Roux based on his observations and his suspicion that a drug deal was being consummated. Burnette v. State, 658 So.2d 1170 (Fla. 2d DCA 1995); Hills v. State, 629 So.2d 152 (Fla. 1st DCA 1993), rev. denied, 639 So.2d 981 (Fla.1994); Shackelford v. State, 579 So.2d 306 (Fla. 2d DCA 1991). We also agree that the agent could not detain Roux based upon these observations. Huntley v. State, 575 So.2d 285 (Fla. 5th DCA 1991); Dames v. State, 566 So.2d 51 (Fla. 1st DCA 1990). The fact that there could not be an arrest or detention does not stop our inquiry, however.
There are three levels of contact that the police may have with a citizen: voluntary compliance by the citizen to an officer's request, during which the citizen is free to leave at anytime; an investigatory stop based upon reasonable suspicion; and, finally, arrest. Popple v. State, 626 So.2d 185 (Fla.1993). In Florida, therefore, the police may approach any citizen to talk and the citizen is free to leave at anytime. Further, under Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991), the agent could approach Roux, engage him in conversation, and ask that Roux submit to a search, as long as there was no intimidation or threat of force to coerce compliance. Since Roux's car was parked, the agent had the right to approach Roux and talk with him. See Id.; Popple. Unfortunately for Roux, the agent never had an opportunity to say anything to him. As the agent walked toward the car, Roux committed a battery upon the putative drug buyer and a battery upon the agent. The fact that the agent may not have had in mind to arrest Roux for battery is irrelevant. See Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (holding fact that the officer does not have the state of mind which is hypothecated by the reasons which provide legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action).
There is no right to commit a battery upon a law enforcement officer. Even if the agent had illegally detained Roux, a battery committed on the agent does not vitiate the illegality of Roux's behavior. See Lints v. State, 643 So.2d 689 (Fla. 5th DCA 1994); Reed v. State, 606 So.2d 1246 (Fla. 5th DCA 1992). Roux could not commit a battery with impunity. Thus, there was probable cause for arrest, not for drug dealing, but for the illegal acts of battery and battery on a law enforcement officer. Since there was probable cause for his arrest, the search of Roux's person incident to the arrest was valid, and the cocaine should not have been suppressed. See Reed, 606 So.2d at 1247.
The order granting the motion to suppress is reversed and the case is remanded for proceedings consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] See Fla. R.App. P. 9.140(c)(1)(B).