711 So.2d 1307 (1998)
Charles F. POWELL and Norma R. Powell, Appellants,
v.
The CITY OF DELRAY BEACH, Appellee.
No. 97-3020.
District Court of Appeal of Florida, Fourth District.
June 3, 1998.
Rehearing Denied July 1, 1998.
Charles F. Powell and Norma R. Powell, Lauderhill, pro se.
*1308 R. Brian Shutt, Assistant City Attorney, and Susan A. Ruby, City Attorney, Delray Beach, for appellee.
PER CURIAM.
Charles and Norma Powell ("Appellants") appeal from an adverse final summary judgment. We reverse.
This case arose out of a requirement placed on a building permit issued to Appellants for the construction of a duplex in the City of Delray Beach ("City"). The requirement at issue requires Appellants to pave a portion of an alley in order to provide paved access to their duplex. Appellants dispute the City's authority to impose this requirement.
On October 28, 1994, Appellants applied for a building permit and submitted plans to the City's building department for the construction of a duplex. On December 12, 1994, the City informed Appellants that it had completed its review of their plans. The City also informed Appellants that several conditions had been placed on the building permit. One of these conditions required that Appellants pave the alley on the western boundary of their property. The City imposed the condition because Appellants' plans indicated that primary access to their duplex would be taken from the unpaved alley. The City told Appellants that they needed to satisfy this condition before it would issue a certificate of occupancy.
Appellants contested this paving requirement. The Chief Building Official informed them that the building permit would not be issued until Appellants provided engineering plans for paving the alley. In compliance, Appellants submitted engineering drawings and a survey of the alley to the city. On February 22, 1995, the City issued the building permit to Appellants.
On December 4, 1995, Appellants brought suit against the City. On August 6, 1996, the City Engineer sent Appellants a letter concerning the requirement to pave the alley. The City Engineer stated that Appellants would not be required to pave the entire alley as required under section 5.3.1(E) of the City's Land Development Regulations (L.D.R.), but rather, were required to provide paved access to their duplex from either the north or south end of the alley. This requirement was imposed in accordance with the construction standards set forth in L.D.R. section 6.1.4.
The City then moved for summary judgment. At the summary judgment hearing, the City contended that because Appellants had built their residence in a way in which the primary access to the residence was through an alley, Appellants created the need for the portion of the alley providing access from their property to the street to be paved. Further, it argued that it had the authority to require Appellants to pave this section of the alley pursuant to its Land Development Regulations. Appellants argued that they had seen no ordinance or land development regulation that required them to pave any portion of the alley. They asserted that once they paved up to the survey line of their property, they had complied with the City's ordinances and Land Development Regulations. The trial court granted summary judgment in favor of the City. It found that Appellants were using the alley as the primary means to access their residence and that the City properly imposed the paving requirement on Appellants.
Appellants raise many issues on appeal. However, Appellants' entire dispute essentially boils down to whether the City had the authority, under its Land Development Regulations, to require Appellants to pave the alley area from the end of their driveway to the street.
Prior to analyzing the applicable Land Development Regulations, it is helpful to set out the definition of certain terms within these regulations. In the Land Development Regulations, the term "alley" is defined as follows:
A roadway which provides a secondary means of access to abutting properties, and not intended for general traffic circulation use by pedestrians or vehicles.
The term "street" is defined as follows:
A strip of land, owned privately or publicly, which affords the principal means of access to abutting property. The word *1309 Street includes avenue, boulevard, expressway, lane, parkway, place, road, square, thoroughfare, throughway, or however otherwise designated within the above mentioned right-of-way.
With these definitions in mind, we turn now to address the applicable Land Development Regulations.
The City claims that it had the authority under Land Development Regulation sections 4.6.3 and 5.3.1(E)(2)(a) to require Appellants to pave that portion of the alley that provides access from Appellants' property to the street. We find that these sections could not reasonably be interpreted to impose such a paving requirement on Appellants. The City also asserts that it derived its authority to impose the paving requirement pursuant to Land Development Regulation 6.1.4. The applicable portions of section 6.1.4 provide:
Section 6.1.4 Driveways and Points of Access:

(A) Principles of Design:

(1) General Application: Regulation of the configuration of driveways and limitations on the points of access from private property onto street systems are necessary to provide for safe and efficient control of vehicular movement.
(2) Exemption of Backing Into Alleys: The regulations of this Section do not apply to situations where vehicles are allowed to back directly into adjacent alleys.
. . . . .
(C) Construction Requirements:

(1) Driveways may be constructed of concrete or asphalt. However, where a sidewalk crosses a driveway, the sidewalk shall be concrete.
(2) Driveways shall include that portion of the street located between the travelway (traffic lanes) and private property and said area shall be paved.
This section provides that regulation of the configuration of driveways and points of access from private property onto street systems is necessary to provide for the safe and efficient control of vehicular movement. See § 6.1.4(A)(1). In addition, "driveways" are deemed to include "that portion of the street located between the travelway (traffic lanes) and private property." This portion of the street must be paved. See § 6.1.4(C)(2). Thus, it would appear that the City would have the authority under this section to require Appellants to pave the access area from their property to the "travelway." However, this section provides an exemption for backing into alleys. See § 6.1.4(A)(2). Where vehicles are allowed to back directly into adjacent alleys, the regulations of section 6.1.4 do not apply. Because Appellants back their vehicles into an adjacent alley, the regulations of this section do not apply to them. Thus, section 6.1.4 does not provide the City with authority to require Appellants to pave that portion of the alley between their property and the travelway.
In paragraph 19 of its order granting summary judgment, the trial court noted that an "alley" was defined as "a secondary means of access to abutting properties." In the same paragraph, it determined that the Appellants "designed their property with the intent of using the alley as a means of primary access to their property." Thus, it concluded that "the City properly imposed the paving requirement as a condition of the building permit." Seemingly, the trial court was attempting to use the definition of "alley" (that an alley is a secondary means of access rather than a primary means of access) to get around the "Backing into Alleys" exemption in section 6.1.4. We believe that this was improper.
The same rules that apply in the construction of state statutes are employed in the construction of local ordinances. See Rinker Materials Corp. v. City of N. Miami, 286 So.2d 552, 553-54 (Fla.1973). Generally, the courts may not insert words or phrases in ordinances to express intentions which do not appear. See id. Moreover, an ordinance should be construed so as to give reasonable effect to its provisions, and it should be given its plain and obvious meaning. See id. In the instant case, it is undisputed that Appellants' driveway bordered on an alley. Section 6.1.4(A)(2) clearly states that the regulation requiring that the area between a homeowners property and the travelway be paved does not apply in situations *1310 where vehicles are allowed to back directly into adjacent alleys. Simply because an alley is defined as a secondary means of access to abutting properties and Appellants happen to be using the alley as their primary means of access, does not invalidate the "Backing into Alleys" exemption in section 6.1.4(A)(2). Thus, we conclude that the trial court erred in finding that the paving requirement was properly imposed merely because Appellants were using the alley as the primary means of access to their property.
Further, in granting the motion for summary judgment, the trial court acknowledged that Land Development Regulation section 1.4.1 authorized the City Engineer and the Chief Building Official to interpret various sections of the Land Development Regulations. Pursuant to this authorization, the trial court determined that it was necessary for the City Engineer and the Chief Building Official to interpret these regulations in order to insure that Appellants would provide appropriate access to their property. However, it is well settled that an ordinance vesting arbitrary discretion in administrative officials, without prescribing standards to guide the official in the exercise of his discretion, is invalid and unconstitutional. See Thomas v. City of W. Palm Beach, 299 So.2d 11, 13-14 (Fla.1974); Godshalk v. City of Winter Park, 95 So.2d 9, 12 (Fla.1957); City of Miami Beach v. Seacoast Towers-Miami Beach, Inc., 156 So.2d 528, 531-32 (Fla. 3d DCA 1963). While the Land Development Regulations do provide standards with which to limit the official's discretion, the trial court's determination impermissibly expands this limited discretionary role and allows such officials to have the discretionary authority to require Appellants to pave the alley even though section 6.1.4 specifically precludes application of the paving requirement where vehicles are allowed to back directly into adjacent alleys. Thus, we find that the trial court erred in determining that the City Engineer and the Chief Building Official had the discretion to interpret the Land Development Regulations to read that Appellants were required to pave the access portion of the alley.
Essentially, the City is attempting to hold Appellants to the general requirement of paving their access route even though, through the poor drafting of the Land Development Regulations, it appears that the City has provided Appellants with an exemption from that general requirement. By being able to back their vehicle directly into an alley, section 6.1.4(A)(2) specifically provides Appellants with an exemption to the general requirement of paving their access route. The City is trying to read into the Land Development Regulations something that does not appear in these regulations. Because the City has failed to demonstrate that it had the authority to impose such a paving requirement on Appellants, we conclude that the trial court erred in granting summary judgment as the City failed to prove that it was entitled to such a judgment as a matter of law. See Allstate Ins. Co. v. Powell, 420 So.2d 113, 114 (Fla. 4th DCA 1982)(finding that a party moving for summary judgment must show unequivocally that he is entitled to judgment as a matter of law). Accordingly, we reverse the trial court's order granting summary judgment and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GLICKSTEIN, DELL and GUNTHER, JJ., concur.