PETERSON, J.
The State of Florida appeals an order suppressing from evidence powder and crack cocaine found on Robert E. Green’s body. We reverse.
Following a traffic stop of a vehicle in which Green was a passenger, a Palatka police officer observed open bottles of beer, several blunt cigars and tobacco scattered throughout the vehicle. The officer ordered the driver and three passengers, including Green, out of the vehicle and directed another officer to perform a “pat down” on Green for weapons and narcotics. When asked about an object in his groin area, Green pushed the officer and attempted to run away but was quickly apprehended with a struggle. Thereafter, the officers searched Green and found in his groin area crack and powder cocaine. Although the apprehending officers sustained injuries in the scuffle, Green was charged only with resisting without violence rather than resisting with violence.
Green contended in his motion to suppress that the drugs were illegally seized because he was only charged with resisting arrest without violence. We agree with the State’s argument that it was irrelevant that the officers only arrested Green for the offense of resisting without violence because the facts viewed objectively supported a charge of resisting arrest with violence. See Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer’s action does not invalidate the action taken so long as the circumstances, viewed objectively, justify that action); State v. Roux, 702 So.2d 240, 241 (Fla. 5th DCA1997) (justification for the use of force against a law enforcement officer in resisting arrest is never warranted, even if the arrest is illegal). Where there objectively exists probable cause to charge one with the crime of resisting arrest with violence, a search conducted incident to an arrest for resisting without violence is valid even if the officer improperly stopped the subject.
The order suppressing the illicit drugs is reversed and the matter remanded to the trial court.
REVERSED AND REMANDED.
GRIFFIN, C.J., and DAUKSCH, J., concur.