PETERSON, J.
Dennis Scott Ruggles and Joyce D. Sea-gle appeal their convictions for the offenses of battery on a law enforcement officer and resisting arrest with violence. We affirm.
If a person resists an arrest with violence and has reason to know the person seeking to arrest him or her is an officer of the law, the fact that the arrest was illegal is generally irrelevant. “There is no right to commit a battery upon a law enforcement officer.” State v. Roux, 702 So.2d 240, 241 (Fla. 5th DCA 1997); Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978) (appellant’s argument that the arresting officer was outside his jurisdiction misses the point; it matters not whether the arrest was lawful because the defendant resisted arrest with violence); see also, Norton v. State, 691 So.2d 616 (Fla. 5th DCA), rev. denied, 698 So.2d 1225 (Fla.1997); State v. Gilchrist, 458 So.2d 1200 (Fla. 5th DCA 1984); c.f. Taylor v. State, 740 So.2d 89 (Fla. 1st DCA 1999) (battery on a law enforcement officer and resisting an officer with violencé reversed where state failed to specifically charge that the defendant was resisting an arrest and the state could not otherwise justify the officer’s intrusion into the defendant’s home). Here, the deputy testified that she identified herself as a deputy and had her badge on when she encountered the appellants on the side of the road. When Sea-gle approached the deputy and pushed her, the deputy pushed her back and told her she was under arrest. When Ruggles then grabbed the deputy by the throat, she informed him that he was also under arrest. Both the appellants continued to be physically aggressive with the deputy until backup units arrived at the scene. During the encounter, Ruggles also threatened to kill the deputy with “[her] own gun” for which he was additionally charged with aggravated assault and convicted of the lesser offense of assault.[1]
Even if the appellants’ arrests were invalid because the deputy was off-duty and of a neighboring county, the appellants are still guilty of the offenses charged because neither of them had any right to use violence against the officer during their attempted arrest.
AFFIRMED.
W. SHARP, and GRIFFIN, JJ., concur.

. The conviction for assault was not challenged here or below.