784 So.2d 1181 (2001)
Sam LENNEAR, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1127.
District Court of Appeal of Florida, Fifth District.
April 6, 2001.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Lennear appeals from the denial of two motions to suppress filed in different criminal cases. After the trial judge accepted his guilty pleas, he reserved his right to appeal and was sentenced in Case No. 98-14193 CFA to 62.9 months in prison for possession of cocaine.[1] In Case No. 98-23471 CFA, he was sentenced to 104 months in prison for trafficking in cocaine,[2] and five years in prison for resisting an officer with violence.[3] These sentences were imposed concurrently.
*1182 Case No. 98-14193 CFA arose out of an incident which occurred in July 1998. The search which produced the evidence of the crime was discovered after police officers observed Lennear sitting in a parked car in Sheppard Park's public parking lot, with an open bottle of beer in his hands. Two other individuals were present with him in the car, also with open beer bottles in hand. Lennear was ordered out of the vehicle and patted down for weapons. None was found. He was then required to sit on a railroad tie in the park while the officers ran a warrants check. At that point, one of the police officers observed a bag of what the officer thought was cocaine in Lennear's right hand. The officer seized it and that evidence became the foundation for the criminal charge in this case.
Both at the suppression hearing and on appeal, the state justified Lennear's detention as being based on his violation of Cocoa Beach's open container ordinance, section 15-20.[4] That provision of the Code makes it unlawful, in part, for:
[A]ny person to drink, consume or possess an open container of alcoholic beverage... on or upon any street, alley, sidewalk, public dune crossover or parking area open to the public in the ordinary course of business....
The ocean beach is excluded from the Code.
The issue in this case, simply put, is whether the City ordinance applies to make unlawful the possession of an open alcoholic beverage container, in a parked vehicle, in a public parking area. If so, Lennear's detention and the subsequent discovery of the cocaine during his detention is lawful and does not offend the fourth amendment. If not, Lennear's detention was not justified pursuant to the fourth amendment and thus the evidence seized pursuant to his detention should have been suppressed. Clinton v. State, 780 So.2d 960 (Fla. 5th DCA 2001); Woodson v. State, 579 So.2d 381 (Fla. 5th DCA 1991). Appeals were timely filed and the two proceedings were consolidated for disposition in this court.
Based on the specific wording of the ordinance, it appears to us that Lennear possessed his bottle of beer in a place other than one "open to the public in the ordinary course of business ..." A private motor vehicle is not open to the public and, in fact, it receives the same protection from unwarranted entries as a home. §§ 810.02, 810.08, Fla. Stat. Although the ordinance bars possession of open containers by pedestrians on streets, alleys and other public places, it does not address the situation where a person possesses an open container while seated in a parked car. If there is any ambiguity in a penal statute, the construction should be strict and in favor of the person charged with a violation.[5]
Case No. 98-23471 grew out of an incident which took place in October 1998. This time Lennear was a passenger in a moving vehicle, which was properly stopped because the driver had in hand an open container with an alcoholic beverage inside. This is a violation of section 316.1936[6] and a lawful traffic stop ensued. The police officer began running a check on the tag of the car.
*1183 Lennear got out of the car and began jogging away from the car. The officer called to Lennear to stop. When he failed to do so, the officer caught him and began walking Lennear back to the patrol car. Lennear made another attempt to turn away. The officer grabbed Lennear and a wrestling match between the two began. Lennear struck the officer during the scuffle. The other officers present subdued Lennear. He was arrested and searched, leading to the discovery of the cocaine involved in this case on his person.
The prosecutor admitted, and it is not challenged on appeal, that Lennear had a right to leave and refuse to be detained initially. However, even if the detention were unauthorized or illegal, Lennear had no right to resist arrest with violence.[7] That gave the police officer probable cause to arrest and search him, leading to the discovery of the contraband.[8] Evidence seized as an incident to that arrest is not subject to suppression.[9]
Accordingly, we reverse the judgment and sentence in Case No. 98-14193, and affirm the judgment and sentences in Case No. 98-23471. The scoresheet in this case is not present in the record. Accordingly, we remand to the trial court for determination of whether it is necessary to resentence Lennear.
AFFIRMED, in part; REVERSED in part; REMANDED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] §§ 893.03(2), 893.13(6)(a), Fla. Stat. (1997).
[2] §§ 893.03(2)(a)4, 893.135(1)(b), Fla. Stat, (1997).
[3] § 843.02, Fla. Stat. (1997).
[4] A state statute, § 316.1936(2)(a), prohibits possession or consumption of alcoholic beverages in vehicles which are in operation.
[5] State v. Winters, 346 So.2d 991 (Fla.1977).
[6] Section 316.1936(2)(a) provides:

It is unlawful and punishable as provided in this section for any person to possess an open container of an alcoholic beverage or consume an alcoholic beverage while operating a vehicle in the state or while a passenger in or on a vehicle being operated in the state. (Emphasis added).
[7] Ruggles v. State, 757 So.2d 632 (Fla. 5th DCA 2000); Lee v. State, 368 So.2d 395 (Fla. 3d DCA 1979).
[8] State v. Barnard, 405 So.2d 210 (Fla. 5th DCA 1981).
[9] Reed v. State, 606 So.2d 1246 (Fla. 5th DCA 1992); Jones v. State, 570 So.2d 433, 434 (Fla. 5th DCA 1990).