WARNER, J.
The state appeals the suppression of evidence in a possession of cocaine prosecution. In this case, the law enforcement officers approached appellee and either asked or demanded to see what was in his hand. Appellee responded by hitting one of the officers. During the ensuing scuffle, the cocaine was dropped and then recovered by the officers. We reverse the order of suppression. Even if the initial contact by the officers was unauthorized or illegal, appellee had no right to commit a battery on the officer. Battery on a law enforcement officer is illegal. See § 784.07, Fla. Stat. (2000). Once appellee committed a battery on one of the officers, the officers had the lawful right to seize and arrest him. Evidence seized during a lawful arrest is not subject to suppression. See Lennear v. State, 784 So.2d 1181, 1183 (Fla. 5th DCA 2001); Reed v. State, 606 So.2d 1246, 1247 (Fla. 5th DCA 1992).
Reversed.
STONE and GROSS, JJ., concur.