PER CURIAM.
In this appeal from a criminal judgment and sentence, the only order Charles Bon-figlio challenges is the trial court’s denial of the motion to suppress his confession. Because there had been no determination by the trial court that the motion to suppress was dispositive, this court relinquished jurisdiction for the trial court to make a finding in that regard. Upon receipt of the trial court’s order determining that the motion to suppress was not dis-positive, this court issued an order to show cause why this appeal should not be dismissed for lack of jurisdiction, citing White v. State, 661 So.2d 40 (Fla. 2d DCA 1995). White held that because there had been no express finding that the motion to suppress was dispositive, no issue had been preserved for appellate review and the court was required to dismiss for lack of jurisdiction. Id. at 40.
Upon further examination of the applicable law, the court discharges its order to show cause. Rather than dismiss this appeal for lack of jurisdiction, we summarily affirm pursuant to Florida Rule of Appellate Procedure 9.315(a) because the only issue on appeal is not reviewable on the merits. See M.N. v. State, 16 So.3d 280, 282 (Fla. 2d DCA 2009) (en banc) (citing Leonard v. State, 760 So.2d 114, 119 (Fla.2000), for the proposition that “district courts should not dismiss appeals from pleas upon a determination that they do not present a dispositive issue that was reserved for review but should summarily affirm such decisions”).
Affirmed.
WHATLEY, NORTHCUTT, and BLACK, JJ., Concur.