JACOBUS, J.
Kenneth Smith timely appeals the judgment and sentence entered after he pleaded nolo contendere to multiple crimes involving possession of cocaine and cannabis. He entered a plea to the charges following the court’s denial of his motion to suppress evidence that was discovered on his person after the arrest. Smith contends that because his arrest was unlawful, the drugs found during the subsequent search should have been suppressed. We agree and reverse the judgment and sentence entered below.[1]
On the day of his arrest, Smith was standing with a large group of people outside a community store watching an Orlando Magic game that was projected on the wall of the store. A police deputy approached the area and saw Smith drinking out of a metallic can with the name “Budweiser” on it. When the deputy arrived, the can was in a brown paper bag, but Smith discarded the bag. The deputy stated that he could clearly see there was a Budweiser can in the bag. Based on that information, the deputy arrested Smith for possession of an open container. During the search incident to arrest, the deputy found crack cocaine and marijuana in Smith’s possession. Smith moved to suppress all evidence, claiming the search and seizure were illegal. The court denied that motion.
It is undisputed that Smith was standing on a grassy area adjacent to the store and he was not in a parking lot connected with the store. There was a dispute in the evidence as to who actually owned the lot, though. At the suppression hearing, the deputy testified that he was unsure who owned the lot. Smith, however, testified that the lot was owned by the store and anybody was able to watch the game. The court found that the area was private property that was open to the public.[2]
On appeal, the State argues that Smith was properly arrested pursuant to Article II, Section 4-29 of the Orange County Code. The relevant portions of 4-29 provide:
(a) It is unlawful for any vendor or for any agent, servant or employee of any such vendor, to permit the consumption of any alcoholic beverages in or upon any parking or other area outside of the building or room mentioned in the vendor’s license certificate as the address thereof, when any part of such parking or area is adjacent to the building or premises in which the business license is operated, and when such parking or other area is owned, rented, leased, regulated, controlled or provided, directly or indirectly, by such licensed vendor or by any agent, servant or employee of such licensed vendor.
*802 [[Image here]]
(c) It is unlawful for any person to consume an alcoholic beverage in or upon any parking area outside of and adjacent to a vendor’s licensed premises when such parking or other area is owned, rented, leased, regulated, controlled or provided, directly or indirectly, by such vendor.
The rules of construction used to interpret state statutes are also used to interpret local ordinances. Powell v. City of Delray Beach, 711 So.2d 1307, 1309 (Fla. 4th DCA 1998). An ordinance should be given its plain and obvious meaning and it should be construed to give reasonable effect to its provisions. Id. Additionally, “the courts may not insert words or phrases in ordinances to express intentions which do not appear.” Id. If the language of the statute or ordinance is plain and unambiguous, judicial interpretation is unnecessary. See T.R. v. State, 677 So.2d 270, 271 (Fla.1996) (explaining that judicial interpretation is unnecessary where statutory language is plain and unambiguous). When a penal statute is ambiguous, however, the construction should be strict and in favor of the accused. Lennear v. State, 784 So.2d 1181, 1182 (Fla. 5th DCA 2001) (considering violation of open container ordinance). Language is ambiguous when reasonable people can offer different, but reasonable, interpretations. McGhee v. State, 847 So.2d 498, 503 (Fla. 4th DCA 2003).
Based on the language of section 4-29 and the court’s findings, Smith could only be arrested pursuant to subsection (c) because the other subsections of section 4-29 set forth unlawful behaviors that relate to vendors. Section 4-29(c) makes it unlawful for a person to consume an alcoholic beverage “in or upon any parking area outside of and adjacent to a vendor’s licensed premises when such parking or other area is owned ... by such vendor.” When the entire sentence is read together, it is confusing. Subsection (a) discusses vendor conduct that is prohibited on “parking or other area[s].” Likewise, the second part of section 4-29(c) refers to a “parking or other area.” The first part of subsection (c), on the other hand, refers to “any parking area outside of or adjacent to” the licensed premises. This statement suggests that it is only unlawful for a person to drink an alcoholic beverage in an area where cars are (or could be) parked. However, the second portion of the sentence suggests that it is unlawful for someone to drink alcohol in such a place when the “parking or other area is owned” by the vendor. Both of these interpretations are reasonable under the circumstances. Thus, the language is ambiguous and must be strictly construed in Smith’s favor. See Lennear, 784 So.2d at 1182.
When strictly construed, section 4-29(c) prohibits a person from consuming an alcoholic beverage “in or upon any parking area outside of and adjacent to a vendor’s licensed premises.” At the suppression hearing, there was testimony that the lot on which Smith was standing was grassy; it was next to the convenience store that was showing the Magic game; there was no fence around it; and it was open to the public, even though the convenience store owner owned it. There was no testimony or evidence that the grass lot was used as a parking area. Because nothing at the hearing established that Smith had an open container “in or upon any parking area,” he could not lawfully be arrested pursuant to section 4-29(c) as the State claimed. Furthermore, because the arrest was invalid, any subsequent search of Smith was also invalid. See Lennear, 784 So.2d at 1182 (explaining that if defendant was improperly detained for violation of open container ordinance the evidence *803 seized pursuant to detention should be suppressed); see also Ward v. State, 584 So.2d 186, 187 (Fla. 5th DCA 1991) (affirming denial of motion to suppress cocaine found during search incident to arrest for open container ordinance violation because arrest was valid); Thomas v. State, 583 So.2d 386, 339 (Fla. 5th DCA 1991) (finding arrest of defendant for violation of Orlando ordinance lawful and, therefore, search of defendant incident to arrest also lawful).
The judgment and sentence of the lower court are REVERSED.
SAWAYA and MONACO, JJ., concur.

. We reject the State’s claims that we lack jurisdiction to consider this matter. The record clearly shows Smith’s attorney reserved his right to appeal the denial of the motion to suppress at the plea hearing, and the lower court found that issue to be dispositive. Thus, we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i). In addition, the State’s claim that this court is unable to review the denial of a motion to suppress without a written suppression order is without merit. See Cardoza v. State, 927 So.2d 1028 (Fla. 2d DCA 2006).

. We must accept the lower court's finding in this regard because it is supported by the record. See Curtis v. State, 748 So.2d 370, 371 (Fla. 4th DCA 2000).