THOMAS, J.
In this Anders[1] appeal, Appellant entered a plea of nolo contendere to the lesser included charge of attempted sexual battery and resisting an officer without violence. Appellant sought to preserve for appeal the review of the trial court’s denial of his motion to suppress his confession and the trial court’s determination on the admissibility of the child victim’s out-of-court statements to a Child Protective Team (“CPT”) forensic interviewer and the doctor who performed the forensic medical evaluation.
Having pled nolo contendere, Appellant is limited as to the issues that he can raise on direct appeal. Robinson v. State, 373 So.2d 898, 902 (Fla.1979). A defendant who pleads nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal. Fla. R.App. P. 9.140(b)(2)(A)(i). A trial court is obligated to determine the dispositive nature of an issue reserved for appeal. See Everett v. State, 535 So.2d 667 (Fla. 2d DCA 1988). Here, the State did not stipulate, and the trial judge erroneously declined to determine that these issues are dispositive, deferring the determination to this court.
We have reviewed the entire record before us and conclude that the two issues reserved for appeal are not disposi-tive. As to the first issue, Appellant’s confession, we note that a defendant who has pled no contest may not preserve as an issue the trial court’s failure to suppress a confession, absent a stipulation by the State that the issue is dispositive of the case. Brown v. State, 376 So.2d 382, 385 (Fla.1979); Leisure v. State, 429 So.2d 434 (Fla. 1st DCA 1983). Here the State at sentencing commented that it did not care if Appellant appealed, concurring with the trial court’s statement that it was not sure that the issue was dispositive and noting that Appellant could “reserve his rights to appeal whatever matters the law allows him to appeal.” We do not consider this a stipulation. Because the State did not stipulate that Appellant’s confession was dispositive, we need not reach the merits of this issue.
As to the second issue, the admissibility of child hearsay statements, we find that the record on appeal contains overwhelming evidence that the State could have proceeded to trial, regardless of whether Appellant successfully argued on appeal that the child hearsay statements were inadmissible. See Williams v. State, — So.3d -, 2012 WL 1109129 (Fla. 1st DCA April 4, 2012) (“An issue is disposi-tive only when it is clear that there will be no trial, regardless of the outcome of the appeal.”) Here, there was testimony from the child victim and an eyewitness who walked in and saw Appellant and the child victim engaged in sexual conduct. Accord *904 ingly, we affirm Appellant’s judgment and sentence.
AFFIRMED.
BENTON, C.J., concurs in the judgment with opinion; SWANSON, J., dissents with opinion.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).