MARSTILLER, J.
Robert Randall Ramsey (“Appellant”) pled no contest to attempt to commit theft of copper and conspiracy to commit theft of copper, see section 812.145(2), Florida Statutes (2011), after the trial court denied his motion to dismiss[1] the charges.[2] Appellant seeks reversal of the convictions for these crimes, arguing that the undisputed facts do not establish a prima facie violation of section 812.145(2). For the following reasons, we affirm the convictions.
As a preliminary matter, the record on appeal reflects that at Appellant’s plea hearing, the State stipulated the motion to dismiss was dispositive only as to the conspiracy charge. As to the attempt to commit theft charge, however, the State asserted the motion was not dispositive, and the trial court did not conclude otherwise. Appellant stated during his plea colloquy that he understood the State’s position. As the State correctly asserts, Appellant’s conviction for attempt to commit theft of copper is not subject to appellate review because his motion to dismiss was not dispositive as to that charge.[3] See Holden v. State, 90 So.3d 902, 903 (Fla. 1st DCA 2012) (denying appellate review of conviction where defendant pled nolo contendere to attempted sexual battery, but where state did not stipulate, and trial court did not determine, defendant’s motion to suppress was dispositive); see also Holden 90 So.3d at 904 (‘Whether a ruling is disposi-tive is a question for the trial court, and not for us, in the first instance, because it is imperative that the defendant’s plea be voluntary and intelligent.”) (Benton, C.J., concurring in judgment).
Turning, then, to Appellant’s conviction for conspiracy to commit theft of copper, section 812.145(2), Florida Statutes (2011), reads:
A person who knowingly and intentionally takes copper or other nonferrous metals from a utility or communications services provider, thereby causing damage *446 to the facilities of a utility or communications services provider, interrupting or interfering with utility service or communications services, or interfering with the ability of a utility or communications services provider to provide service, commits a felony of the first degree[.]
§ 812.145(2), Fla. Stat. (2011). To overcome Appellant’s motion to dismiss, the State had to present “sufficient facts that, when viewed in a light most favorable to the State, show that a reasonable jury could find in its favor.” Parks v. State, 96 So.3d 474, 476 (Fla. 1st DCA 2012); see State v. Ortiz, 766 So.2d 1137, 1142 (Fla. 3d DCA 2000) (stating that when considering a Rule 3.190(c)(4) motion, “the state is entitled to the most favorable construction of the evidence with all inferences being resolved against the defendant”). We review de novo the trial court’s denial of Appellant’s motion to dismiss. See O’Leary v. State, 109 So.3d 874, 876 (Fla. 1st DCA 2013).
The undisputed facts underlying Appellant’s charges are that he and another individual cut a hole in the locked fence surrounding an electric power substation, entered the grounds through the breach in the fence, and attempted to remove a spool of copper wire. The wire was located just inside the fence and was not connected to any equipment. Appellant and his co-defendant were apprehended before they could remove the wire from the property.
Appellant contends that, in order to establish a prima facie violation of section 812.145(2), the facts must demonstrate the taking of the copper — the act itself— caused damage to the facility. He asserts that moving the freestanding spool of copper wire caused no damage to the facility, and therefore, no violation of section 812.145(2) occurred. The State counters that the facts need only show damage to the facility occurred in the course of the taking. Because Appellant damaged the facility by cutting a hole in the perimeter fencing, and because the damage occurred in the course of, and to facilitate, the copper wire theft, the facts establish a violation of section 812.145(2).
As did the trial court, we agree with the State’s interpretation of section 812.145(2), and conclude that the facts set forth above show a prima facie violation of the statute. Appellant argues for application of the rule of lenity, asserting that the statutory language is ambiguous and permits both interpretations advanced by the parties. The rule of lenity is codified in section 775.021(1), Florida Statutes, and provides that “[t]he provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused.” § 775.021(1), Fla. Stat. (2011). We do not find the language of section 812.145(2) ambiguous and susceptible to Appellant’s interpretation. As he construes the statute, even if he had driven a bulldozer through the substation’s security fencing to gain access to the compound, that fact would not sustain a violation of section 812.145(2) because, in moving the spool of copper wire, he caused no damage. Finding such a result absurd, we reject Appellant’s assertion of ambiguity in the statute, and conclude the rule of lenity is not implicated here. See Hopkins v. State, 105 So.3d 470, 475 (Fla.2012) (finding rule of lenity inapplicable where statute was “unambiguous and not subject to differing reasonable constructions”).
Appellant’s convictions are AFFIRMED.
VAN NORTWICK and ROWE, JJ„ concur.

. See Fla. R. Crim. P. 3.190(c)(4).

. The State charged Appellant with two additional offenses, to which he also pled no contest: burglary of a structure and possession of burglary tools. The trial court sentenced Appellant to four concurrent terms of 18 months’ incarceration.

.A defendant may appeal from a nolo conten-dere plea if he expressly reserves the right to appeal a prior dispositive trial court order. See Fla. R. App. P. 9.140(b)(2)(A)(i). This, Appellant did.