IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DAMANTA JAMAR MURPHY,

  Appellant,

v.

STATE OF FLORIDA,

  Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5652

Opinion filed October 23, 2014.

An appeal from the Circuit Court for Okaloosa County.
Michael A. Flowers, Judge.

Nancy A. Daniels, Public Defender and Steven L. Seliger, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General and Julian E. Markham and Jay Kubica, Assistant Attorneys General, Tallahassee, for Appellee.

CLARK, J.

  Damanta Murphy appeals his judgment and sentence, entered after the circuit court's denial of his motion to suppress and his subsequent plea of no contest to numerous felony charges. During the plea hearing, defense counsel stated that Mr. Murphy entered the plea with the reservation of his right to appeal the denial of his motion to suppress written and oral statements to the police. The

circuit court acknowledged the reservation and the written plea agreement contained the notation "[r]eserve the right to appeal the issue of suppression." However, the State never stipulated, and the court never made a determination, that the motion to suppress was legally dispositive as contemplated under rule 3.170(l), Florida Rules of Criminal Procedure and rule 9.140(b)(2)(A)(i), Florida Rules of Appellate Procedure. See also § 924.051(4), Fla. Stat. No motion to withdraw the plea, pursuant to rule 3.170(l), is contained in the record.

Under these circumstances and upon the record before us, we are constrained to affirm the conviction and sentence. Leonard v. State, 760 So. 2d 114 (Fla. 2000). However, the mistaken assurances of defense counsel and the trial court that Mr. Murphy's plea reserved his ability to appeal the denial of the motion to suppress bring into question the "voluntary and intelligent" nature of Appellant's plea. See Holden v. State, 90 So. 3d 902, 904 (Fla. 1st DCA 2012) (Benton, C.J., concurring).

At this point in time, it is too late for Mr. Murphy to file a motion to withdraw his plea pursuant to rule 3.170(l) and thus too late to preserve the issue for appeal as otherwise allowed under rule 9.140(b)(2)(A)(ii). Even if we remanded this case for a determination of whether the motion to suppress was dispositive, as the appellate court did in Bonfiglio v. State, 57 So. 3d 990 (Fla. 2d DCA 2011), the time limitations governing motions to withdraw could not be met.

2

As noted in <u>Williams v. State</u>, 134 So. 3d 975, 977-78 (Fla. 1st DCA 2012): "Even if Florida Rule of Criminal Procedure 3.170 is no longer available to appellant on remand, Florida Rule of Criminal Procedure 3.850 contemplates collateral relief from convictions predicated on pleas that are not voluntary and intelligent. Fla. R. Crim. P. 3.850(a)(1) and (5)." <u>See</u> <u>also</u> <u>Holden</u>, 90 So. 3d at 904 (Benton, C.J., concurring). Appointment of counsel to assist Mr. Murphy in determining whether pursuit of such collateral relief is in his best interest would be appropriate upon his motion requesting such appointment.

The judgment and sentence are affirmed.

VAN NORTWICK and SWANSON, JJ., CONCUR.