# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-3889

_____

WILLIAM BURR MILLIRON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, Judge.

June 7, 2019

WOLF, J.

Appellant challenges the denial of his motion to suppress after entry of a negotiated plea. Because we find the resolution of appellant's motion is not dispositive of appellant's case, we affirm. *Leonard v. State*, 760 So. 2d 114, 118-19 (Fla. 2000).[1]

---

[1] In *Leonard v. State*, 760 So. 2d 114, 118-19 (Fla. 2000), the supreme court explained that where an appeal following a plea "does not present . . . a legally dispositive issue that was expressly reserved for appellate review pursuant to section 924.051(4)," the district court "should affirm summarily" rather than dismiss because section 924.051(4) "is not a limitation on the subject matter jurisdiction of the appellate courts, but instead is a

## FACTS

Appellant filed a motion to suppress evidence obtained pursuant to a traffic stop. The trial court denied the motion, finding the stop was legal. Thereafter, appellant entered a negotiated plea. Defense counsel informed the court appellant was "reserving his right to appeal the dispositive motion to suppress," and the court responded, "[a]bsolutely appropriate thing to do." Pursuant to the plea, appellant was convicted of the lesser-included offense of possession of methamphetamine for count 1, as well as possession of a firearm by a convicted felon (count 2), battery on a law enforcement officer (count 7), resisting an officer with violence (count 8), and possession of paraphernalia (count 9), and the State nol prossed the remaining counts. All of the charges arose out of the same incident. The court sentenced appellant to 408 days' time served.

## DISPOSITIVE ORDER

This appeal is unauthorized because the order denying the motion to suppress is not dispositive as to two of appellant's convictions - battery on a law enforcement officer and resisting arrest with violence.[2]

---

codification of the existing law regarding the issues that can be addressed on appeal following a plea of guilty." *See also Ruilova v. State*, 125 So. 3d 991, 995 (Fla. 2d DCA 2013) ("[A]fter *Leonard* it is clear that the appellate court has 'jurisdiction,' i.e., power to examine the case as a whole, even when an order of suppression is not necessarily dispositive."); *Paulk v. State*, 765 So. 2d 147, 148-49 (Fla. 1st DCA 2000) (following *Leonard* and affirming where the defendant did not reserve the right to appeal a dispositive ruling). *But see Lewis v. State*, 262 So. 3d 859, 860 (Fla. 1st DCA 2018) ("Because Appellant pled no contest *without expressly reserving the right to appeal* the ruling on his motion, we dismiss for lack of jurisdiction.") (emphasis added).

[2] It is unclear from the limited record on appeal whether the order was dispositive of count 4, conspiracy to sell, manufacture,

A defendant who enters a plea of guilty or nolo contendere has no right to appeal unless the defendant expressly reserves the right to appeal a dispositive order. *See* Fla. R. App. P. 9.140(b)(2)(A)(i) ("A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying particularity the point of law being reserve."); § 924.051(4), Fla. Stat. ("If a defendant pleads nolo contendere without expressly reserving the right to appeal a legally dispositive issue, or if a defendant pleads guilty without expressly reserving the right to appeal a legally dispositive issue, the defendant may not appeal the judgment or sentence.").

In this case, appellant did not obtain a stipulation of dispositiveness from the State, nor did he ask the trial court for an express ruling on dispositiveness. He merely informed the court he was "reserving his right to appeal the dispositive motion to suppress." The court responded, "[a]bsolutely appropriate thing to do." This is not a specific ruling on the dispositiveness of the motion to suppress as to all charges.

The motion to suppress, in fact, was not dispositive to the charges of battery on a law enforcement officer or resisting an officer with violence. Florida law "prohibits the defendant from using violence to resist [an] arrest, even if the arrest was illegal." *State v. Roy*, 944 So. 2d 403, 407 (Fla. 3d DCA 2006) (reversing a trial court's order denying a motion to dismiss charges of battery on a law enforcement officer and resisting arrest without violence despite the fact the arrest was illegal). "If a person resists an arrest with violence . . . the fact that the arrest was illegal is generally irrelevant" because "'[t]here is no right to commit a battery upon a law enforcement officer.'" *Ruggles v. State*, 757 So. 2d 632, 633 (Fla. 5th DCA 2000) (quoting *State v. Roux*, 702 So. 2d 240, 241 (Fla. 5th DCA 1997)). *Cf. B.D.H. v. State*, 903 So. 2d 390, 391 (Fla. 3d DCA 2005) ("[T]he crime of resisting an officer *without* violence requires proof that the arrest was lawful.") (emphasis added); *Jay v. State*, 731 So. 2d 774, 775 (Fla. 4th DCA 1999) ("[T]he law

---

or deliver a controlled substance. However, the State dropped that charge as part of the plea agreement.

3

permits a person to resist an illegal arrest *without* violence.") (emphasis added).

Appellant proceeds in this appeal as if the order on his motion to suppress were dispositive as to all of his charges. He does not seek to limit the scope of his appeal to those charges for which the order was dispositive. The Second and Fifth Districts have entertained such appeals, reversing the convictions for which the order on appeal was dispositive and affirming the remaining counts with instructions that the defendant may choose to withdraw from his plea and proceed to trial on the remaining counts, including any charges the State may have dropped as part of the plea agreement. *See Hicks v. State*, 852 So. 2d 954, 961 (Fla. 5th DCA 2003); *Brown v. State*, 224 So. 3d 806, 811 (Fla. 2d DCA 2017). *See also Nelson v. State*, 44 Fla. L. Weekly D615 (Fla. 2d DCA Mar. 1, 2019) (noting the defendant appealed only the convictions for the offenses for which the trial court's order was dispositive). None of these cases specifically address the issue we discuss in this opinion. We, therefore, determine there is no direct conflict with these decisions.

However, this piecemeal approach contradicts the purpose of the limitation that a defendant is only permitted to appeal dispositive rulings after entering a plea. In *Brown v. State*, 376 So. 2d 382, 383-84 (Fla. 1979), the supreme court explained the purpose behind this requirement that an order be "dispositive of the case" was to "expedite[] resolution of the controversy." Permitting appeals from nondispositive issues would "sanction[], in effect, an interlocutory appeal," after which the defendant would still "face [] the prospect of trial . . . . The inevitable is not avoided but merely postponed, thus further burdening the already severely taxed resources of our courts." *Id.* at 384.

Applying *Brown*, this court came to the widely adopted conclusion that "[a]n issue is dispositive only if, regardless of whether the appellate court affirms or reverses the lower court's decision, there will be *no trial of the case*." *Morgan v. State*, 486 So. 2d 1356, 1357 (Fla. 1st DCA 1986) (emphasis added). *Morgan* and other similar cases from this court applying this standard have focused on whether there would still be a trial on the counts for which the defendant argued an order was dispositive. These cases

did not consider the situation presented here, where an order was clearly dispositive as to some issues but not others. Regardless, permitting a defendant to appeal an order that is not dispositive to all issues is effectively an interlocutory appeal. Even if this court grants appellant relief on some counts, there will still be a "trial of the case" or further proceedings for the remaining counts.

Thus, because appellant has not asked to proceed only on the counts for which the order is dispositive and because doing so would contradict the purpose of the rule limiting appeals to dispositive orders, this appeal is procedurally barred.

The decision is AFFIRMED.

KELSEY, J., concurs in result; WINOKUR, J., concurs with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

WINOKUR, J., concurring.

I agree with the rationale and disposition of the majority opinion. I write separately because I find that this case underscores the need of the parties and the trial court to recognize the appellate limitations set out in section 924.051(4), Florida Statutes, before a defendant enters a no-contest or guilty plea while reserving the right to appeal an issue. A defendant may only appeal an issue after a no-contest or guilty plea if the issue is expressly reserved *and* dispositive. § 924.051, Fla. Stat. Absent a stipulation from the state, *see Churchill v. State*, 219 So. 3d 14, 18 (Fla. 2017), a "trial court is obligated to determine the dispositive nature of an issue reserved for appeal." *Holden v. State*, 90 So. 3d 902, 903 (Fla. 1st DCA 2012). Absent such a determination, appellate courts are left to determine the question themselves and potentially affirm a judgment and sentence without considering the merits of an argument that the defendant believed would prevail on appeal. *See id.* at 903-04. This disposition may

5

undermine whether the plea was appropriately entered. *See id.* at 904 (Benton, J., concurring) ("Whether a ruling is dispositive is a question for the trial court, and not for us, in the first instance, because it is imperative that the defendant's plea be voluntary and intelligent."). However, the question of voluntariness of the plea is not before us and should not be considered.

———————————————

Andy Thomas, Public Defender, and Kasey Lacey, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.